ROBERTS v. LOWE, Collector of Internal Revenue.

(District Court, S. D. New York.   March 18, 1916.)

1. INTERNAL REVENUE ⊂⊃38—ILLEGAL EXACTIONS—RECOVERY.
    As Rev. St. § 989 (Comp. St. 1913, § 1635), providing that when recovery
is had against an internal revenue collector for money exacted by him, and
by him paid into the treasury, no execution shall issue against such col-
lector, provided the court certifies there was probable cause for his act, is
only applicable to the collector who received and turned over the tax to
the Treasury Department, a subsequent collector of internal revenue,
sued for illegal exactions by his predecessor, if liable, is individually
liable; there being no provision for restitution by the government to him.
    [Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 83, 84;
Dec. Dig. ⊂⊃38.]

2. INTERNAL REVENUE ⊂⊃38—ILLEGAL EXACTIONS—LIABILITY.
    As the section is applicable only to the collector making the illegal
exaction, and as an action against such collector may be revived against
his representatives on his death, his successor in office is not liable to
suit for the illegal exaction.
    [Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 83, 84;
Dec. Dig. ⊂⊃38.]

3. INTERNAL REVENUE ⊂⊃38—ACTIONS—RIGHTS OF ACTION.
    Under Act Feb. 8, 1899, c. 121, 30 Stat. 822 (Comp. St. 1913, § 1594), pro-
viding that no action or other proceeding lawfully commenced against any
officer of the United States in his official capacity, or in relation to dis-
charge of his official duties, shall abate by reason of the expiration of his
term, but in such event the court, within 12 months thereafter, on motion
or supplemental petition showing a necessity for survival to obtain a
settlement of the questions involved, may allow the same to be maintained
against his successor in office, one who paid corporation excise taxes ille-
gally exacted by a collector of internal revenue cannot, no action having
been instituted against such collector, maintain an action against his
successor.
    [Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 83, 84;
Dec. Dig. ⊂⊃38.]

At Law.   Action by Duncan I. Roberts, individually and as a mem-
ber and as president of the United States Express Company, an unin-
corporated joint-stock association, against John Z. Lowe, Jr., Collector
of Internal Revenue of the United States of America for the Second
District of the State of New York.   On demurrer to the complaint.
Demurrer sustained, and complaint dismissed.

Frederick G. Curry, of New York City, for plaintiff.
H. Snowden Marshall, U. S. Atty., of New York City (Ben A.
Matthews, Asst. U. S. Atty., of New York City, of counsel), for de-
fendant.

AUGUSTUS N. HAND, District Judge.   [1, 2] This is a demurrer
to the complaint in an action brought against the defendant, John Z.
Lowe, Jr., who is described as "collector of internal revenue," to re-
cover corporation excise taxes collected from the United States Ex-
press Company by Charles W. Anderson, who was at the time col-

lector of internal revenue. The only theory of recovery, in my opinion, is against Mr. Lowe individually, and I know of no provision of law which would enable him to obtain restitution from the government if he were held liable.

Section 989 of the Revised Statutes, providing that when recovery is had against a collector for money exacted by him, and by him paid into the treasury, no execution shall issue against such collector, provided the court certifies there was probable cause for the act, only in terms is in aid of the collector who received and turned over the tax to the Treasury Department. I can see no theory upon which this action can be brought against the succeeding collector. The remedy either lies in an action against Mr. Anderson or in an action against the United States. The latter remedy is apparently authorized by the case of United States v. Emery, 237 U. S. 28, 35 Sup. Ct. 499, 59 L. Ed. 825. If any authority were needed, the case of Patton v. Brady, Executrix, 184 U. S. 608, 22 Sup. Ct. 493, 46 L. Ed. 713, would seem to involve the conclusion that the only action which can be brought against any individual is an action of assumpsit against the collector who actually exacted the tax, and it was held in the case of Patton v. Brady, supra, that such an action could be revived against the personal representative of the deceased collector. This position is wholly inconsistent with the theory that the action is against the collector as such. The theory is a recovery for money illegally obtained by the collector as an individual, and no subsequent collector can be subjected to his liability.

[3] I do not think that the plaintiff can sue the defendant as successor to Collector Anderson under the Act of February 8, 1899 (30 Stat. L. 822, c. 121), which provides that no action or other proceeding lawfully commenced against any officer of the United States in his official capacity, or in relation to the discharge of his official duties, shall abate by reason of the expiration of his term, but in such event the court at any time within 12 months thereafter, on motion or supplemental petition showing a necessity for the survival thereof to obtain a settlement of the questions involved, may allow the same to be maintained against his successor in office. This remedial act was to enable pending proceedings against public officials in their official capacity to be continued when necessary to obtain settlement of the questions involved. In this case there was no pending action against the former collector, Anderson; this action is not necessary to recover the money, for the plaintiff has a remedy against the United States, as appears from the decision in the case of United States v. Emery, supra, as well as against Anderson; and, finally, this cause of action is not in theory against the collector in his official capacity.

If recovery were had against the present collector, for reasons stated in the earlier part of this opinion, I do not see that any existing legal machinery exists by which he could obtain restitution from the government. Judge McPherson, in his opinion in the case of Armour v. Roberts (C. C). 151 Fed. 846, apparently held that a succeeding collector could be sued as such for restitution of sums paid to a former collector; but he did not discuss any of the difficulties which I have

alluded to in reaching such a result, and I can find no sufficient basis for the conclusion he reached. He evidently misconceived the nature of the action, which is an action against the collector personally. If this were not so, it would not have been held by the Supreme Court in the case of Patton v. Brady, Executrix, 184 U. S. 608, 22 Sup. Ct. 493, 46 L. Ed. 713, to have survived against the executrix of the deceased collector.

For the foregoing reasons, the demurrer should be sustained, and the complaint dismissed.