PHILADELPHIA, H. & P. R. CO. v. LEDERER, Collector of Internal
Revenue.

(Circuit Court of Appeals, Third Circuit.   May 26, 1917.)

No. 2226.

1. INTERNAL REVENUE ⬳38—RECOVERY OF TAXES PAID.
   An action cannot be brought against a collector of internal revenue to
   recover back taxes paid to his predecessor in office.
   [Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 83, 84.]

2. INTERNAL REVENUE ⬳38—RECOVERY OF TAXES PAID.
   Act Feb. 8, 1899, c. 121, 30 Stat. 822 (Comp. St. 1916, § 1594), providing
   that no suit, action, or other proceeding by or against any officer of the
   United States shall abate by reason of his death, or the expiration of
   his term of office, but that the court may allow it to be maintained by
   or against his successor in office, does not authorize an action against a
   collector of internal revenue to recover back taxes paid to his predecessor
   in office where no suit, action, or proceeding was pending against such
   predecessor, and a mere claim for refund of the taxes was not a suit or
   proceeding against the collector.
   [Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 83, 84.]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Suit by the Philadelphia, Harrisburg & Pittsburgh Railroad Company, to the use, etc. against Ephraim Lederer, Collector of Internal Revenue. Judgment for defendant (239 Fed. 184), and plaintiff brings error. Affirmed.

Wm. C. Mason, of Philadelphia, Pa., for plaintiff in error.

Edward S. Kremp and Francis Fisher Kane, both of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge.   [1] The satisfactory opinion of Judge Thompson (239 Fed. 184) relieves us from discussing nearly all the questions raised by this writ of error. We concede the force of the company's argument that in substance, and especially in practical effect, suits such as this are against the collector as an official rather than as an individual—his personal liability is rarely, if ever, enforced ——and it may be that Congress might with safety and propriety extend the existing law to cover the situation now presented. But, until the change be actually made, we are bound by the law as it stands, and we see no reason to doubt that the statutes and decisions now in force prevent the company from recovering in this action for the taxes collected by William McCoach, the defendant's predecessor in office. No suit to recover them had been brought against McCoach, and for this reason the act of 1899 does not apply.

We need hardly say that without statutory permission no suit to recover a federal tax can be maintained. Moreover, the statutes on this subject must be strictly obeyed; they lay down the conditions and

limitations under which the sovereign consents to be sued, and this consent should not be enlarged by construction. We turn for a few moments to the act of 1899, since this seems to be the company's principal reliance. Some additional facts should first be stated in order to make the position clear. The company paid the tax for 1909 in June, 1910, the tax for 1910 in June, 1911, and the tax for 1911 in June, 1912. These taxes were paid under protest to McCoach, who remained in office until October 7, 1913. During his term—namely, in June, 1912, January, 1913, and May, 1913, respectively—the company claimed the refund of these three taxes; and in June, 1913, it also presented a petition to abate the tax of 1912, apparently on the ground that penalties had been incurred in addition to the tax, although we do not precisely know what abatement was asked for. The claim for the refund of the tax for 1909 was rejected by the Commissioner of Internal Revenue on July 15, 1912, but apparently the subsequent claims for refund of the taxes of 1910 and 1911, and also the petition for abatement in connection with the tax for 1912, were not disposed of until February, 1914.

On October 22, 1913, after McCoach had retired from office, the company filed a supplemental affidavit with the Commissioner in support of its petition to abate the tax of 1912, and on the same day asked him to reopen and reconsider his refusal to refund the tax of 1909. On October 27, 1913, this request to reopen was granted, and at the same time the Commissioner asked for additional information and affidavits in reference to the claims for the refund of the taxes for 1909, 1910, and 1911, and also in reference to the petition to abate the tax of 1912. Accordingly an affidavit was furnished on January 14, 1914. In February, 1914, the petition for abatement was refused, and apparently at the same time the claims for the refund of the taxes for 1909, 1910, and 1911, were also refused; for on February 13, 1914, Lederer notified the company that these claims, and also the petition for abatement, had been examined and rejected by the Commissioner. In March, 1914, a claim to refund the tax for 1912 was presented, and was refused soon afterward. The present suit was brought on June 29, 1914, and sought to recover from Lederer the taxes for the four years.

[2] From these facts it seems clear to us that the act of 1899 does not apply. The act is as follows:

"No suit, action, or other proceeding, lawfully commenced by or against the head of any department or bureau or other officer of the United States in his official capacity, or in relation to the discharge of his official duties, shall abate by reason of his death, or the expiration of his term of office, or his retirement, or resignation, or removal from office; but, in such event, the court, on motion or supplemental petition filed, at any time within twelve months thereafter, showing a necessity for the survival thereof to obtain a settlement of the questions involved, may allow the same to be maintained by or against his successor in office, and the court may make such order as shall be equitable for the payment of costs."

The only "suit, action, or other proceeding" that could have been begun against McCoach while he was in office would have been a suit for the taxes of 1909 and 1910; but no such suit was brought, and it cannot be successfully contended that a mere claim for refund,

which is a matter wholly for the Commissioner, is a suit or proceeding against the collector. The basis of an action against the collector is his receipt of the tax, and if he has not received it we do not see how he can be called on to pay it back; and the fact that Lederer was the channel by which the Commissioner transmitted the refusal to refund did not impose liability. Lederer was liable, if at all, for the tax of 1912, for this had come into his own hands; but no statute made him liable for money that was collected by his predecessor, but had never been sued for.

For these reasons, and for those to be found in Judge Thompson's opinion, the judgment is affirmed.