## DETROIT HOTEL CO. v. BRADY, Collector of Internal Revenue.

(District Court, E. D. Michigan, S. D.   October 25, 1921.)

No. 5744.

1. Internal revenue ⬤⇒9—Hotel company held subject to corporation tax, as "carrying on or doing business."

A corporation organized under Comp. Laws, Mich. §§ 9017, 9018, to purchase land and "construct thereon a modern fireproof hotel, and to operate, manage or lease, mortgage, or sell the same," which, immediately after its organization, acquired land and constructed a hotel thereon, which was immediately leased to an operating corporation, which paid a

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rental dependent on profits, *held* subject to the corporation excise tax as "carrying on or doing business," within Corporation Excise Tax Act, § 38.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Carry on Business.]

**2. Internal revenue ☞38—Action to recover taxes not maintainable against collector's successor.**

Action to recover internal revenue taxes as illegally collected does not lie against the successor of the collector to whom the taxes were paid; the successor not having received the taxes, so as to be liable, under Rev. St. § 3220 (Comp. St. § 5944).

At Law. Action by the Detroit Hotel Company against James J. Brady, Collector of Internal Revenue, First District of Michigan. Judgment for defendant.

Angell, Turner & Dyer, of Detroit, Mich., for plaintiff.

John E. Kinnane, U. S. Dist. Atty., of Bay City, Mich., for defendant.

TUTTLE, District Judge. This is an action in assumpsit to recover from the defendant, as collector of internal revenue, the amount of certain taxes paid, under protest, to his predecessor in office by the plaintiff corporation, such taxes having been exacted, wrongfully as plaintiff claims, under the Corporation Excise Tax Law. Act Cong. Aug. 5, 1909, c. 6, § 38, 36 Stat. at L. 11, 112. After the payment of said taxes plaintiff made the statutory claim for refund thereof, and, on the rejection of such claim by the Commissioner of Internal Revenue, brought this action, alleging that—

"by reason of the wrongful act of said collector, defendant, in assessing and compelling payment of the above-described taxes, this plaintiff has suffered damage in a large amount, to wit, the sum of $1,783.89, and thereupon said defendant, in consideration of the premises, undertook and promised plaintiff to repay to it said sum upon request, yet said defendant has disregarded his promises, and has not, though often requested so to do, paid said sum, or any part thereof, to the plaintiff's damage in the sum of $3,000, and therefore it brings this suit."

The facts not being in dispute, a jury was waived and the cause submitted to the court upon a stipulation of facts, supplemented by a transcript of certain testimony taken in open court.

The two questions raised and argued by the parties are: (1) Whether plaintiff, at the time involved, was doing business as a corporation, and therefore subject to the Corporation Excise Tax Act; and (2) whether, if these taxes were improperly exacted by the predecessor in office of the defendant collector, they can be recovered from said defendant in this action.

[1] 1. The material facts, which are undisputed, include the following: Plaintiff was incorporated under Act 232 of the Michigan Public Acts of 1903, which provided (section 1) for the organization of corporations "for the purpose of carrying on any manufacturing or mercantile business, or any union of the two, * * * or for carrying on any other lawful business," with certain exceptions not material here.

Section 2 of the act provided that the articles of association of every such corporation should state—

"distinctly and definitely, the purpose or purposes for which the corporation is formed, and it shall not be lawful for said corporation to divert its operations, or appropriate its funds to any other purpose." Sections 9017 and 9018 Michigan Compiled Laws of 1915.

The purposes for which the plaintiff was incorporated, in 1905, were stated in its articles of association as follows:

"To purchase suitable land in the city of Detroit, Michigan, and construct thereon a modern fireproof hotel, and to operate, manage or lease, mortgage, or sell the same."

Immediately after its organization, the plaintiff acquired land and proceeded to construct thereon a hotel building; the latter being completed in 1907. This hotel was immediately leased by the plaintiff to another corporation, which operated it for several years (including 1910, 1911, and 1912, the years for which the taxes in question were assessed and paid) under a lease from the plaintiff, on which the lessee paid to plaintiff an annual rental, dependent in amount upon the extent of the lessee's profits from the operation of the hotel, such rental being payable in monthly installments "at the office of" the plaintiff corporation in Detroit, and the latter was, by said lease, given the right to "inspect the books and accounts of the lessee at all reasonable times." Shortly thereafter the plaintiff added five stories to the building as originally constructed and a new lease was then entered into for an increased rental. From time to time various loans were negotiated by plaintiff to obtain the funds necessary to pay the cost of construction of the hotel and of the addition thereto; such loans being secured by mortgages authorized by proper corporate action. Further funds were obtained by an increase in the capital stock of the plaintiff corporation. Plaintiff has filed the annual reports required by the Michigan statutes. Aside from the foregoing, the activities of plaintiff corporation during the years covered by the taxes in question have been, in the language of the stipulation of facts on file, "only such as were incident to the receipt of rent from its lessee and distributing the same for interest charges and as dividends."

I am satisfied that the acts and activities of the plaintiff during the years mentioned constituted "the carrying on or doing business by such corporation," within the meaning of section 38 of the Corporation Excise Tax Act, and that therefore the taxes in question were properly assessed and paid. Flint v. Stone Tracy Co., 220 U. S. 107, 31 Sup. Ct. 342, 55 L. Ed. 389: Zonne v. Minneapolis Syndicate, 220 U. S. 187, 31 Sup. Ct. 361, 55 L. Ed. 428.

[2] 2. Notwithstanding the learned and able argument of counsel for the plaintiff, I cannot avoid the conclusion that, even if it be assumed that the taxes involved herein were unlawfully exacted from plaintiff by the predecessor in office of the defendant collector, yet plaintiff cannot maintain this action for the recovery thereof from the defendant. True it is that, if these taxes were illegally collected, plaintiff would be entitled to recover them from the United States in an action

brought directly against the United States. United States v. Emery, Bird, Thayer Realty Co., 237 U. S. 28, 35 Sup. Ct. 499, 59 L. Ed. 825. This action, however, was not brought against the United States, but against the collector of internal revenue in office at the time of the commencement of such action, who, as already observed, was not the collector to whom the taxes in question were paid.

While the defendant is in the pleadings herein designated as collector of internal revenue, it is clear, as is indicated by the language of the declaration hereinbefore quoted, that this action is brought against him personally, to recover from him money alleged to have been wrongfully received by him from plaintiff, giving rise to an obligation on his part to repay such money to the plaintiff. Patton v. Brady, 184 U. S. 608, 22 Sup. Ct. 493, 46 L. Ed. 713; United States v. Emery, Bird, Thayer Realty Co., supra; Sage v. United States, 250 U. S. 33, 39 Sup. Ct. 415, 63 L. Ed. 828; Roberts v. Lowe, Collector (D. C.) 236 Fed. 604; Philadelphia, Harrisburg & Pittsburgh R. R. Co. v. Lederer, Collector, 242 Fed. 492, 155 C. C. A. 268 (C. C. A. 3). This liability of a collector is recognized, if not created, by section 3220 of the Revised Statutes (Comp. St. § 5944). Defendant, however, never having received any of these taxes, cannot, under any statutory provision or theory of law known to this court, be required to pay the amount thereof to the plaintiff in the present action. Roberts v. Lowe, supra; Philadelphia, Harrisburg & Pittsburgh R. R. Co. v. Lederer, supra.

Various statutory provisions are invoked and discussed by plaintiff in support of its contentions to the effect that its "complaint is really against the United States official, in substance against the United States, and the personal element is eliminated." No statute, however, is referred to, and I know of none, which provides for a recovery from one collector of internal revenue, in an action in assumpsit brought against him, of taxes not paid to, nor received by, him, at least where an action has not been first properly brought against the collector receiving the taxes and thereafter duly revived against his successor in office. The absence of any such statute is, of course, fatal to recovery upon the theory thus advanced.

It results that a judgment must be entered against the plaintiff and in favor of the defendant of no cause of action.