# SAGE ET AL., EXECUTORS OF SAGE, v. UNITED STATES.

## APPEAL FROM THE COURT OF CLAIMS.

No. 344. Argued April 29, 1919.—Decided May 19, 1919.

A suit against a collector of internal revenue to recover money wrongfully collected as taxes is personal, notwithstanding the statutory provisions for preliminary appeal to the Commissioner, appearance by the district attorney, and payment by the United States in certain cases; and, since the United States is not privy to the judgment, a recovery of part in a suit for the whole against the collector, and satisfaction of the judgment by the United States, do not bar a suit against the United States for the remainder in the Court of Claims. P. 36.

Claims already presented to the Commissioner under the Act of June 27, 1902, c. 1160, § 3, 32 Stat. 406, for taxes on contingent legacies erroneously collected under §.29 of the War Revenue Act of June 13, 1898, and satisfied in part only through a suit against the collector, need not be presented anew in order to obtain, as to the residue, the benefit of the Refunding Act of July 27, 1912, c. 256, 37 Stat. 240. P. 38.

The Act of 1912, *supra*, created new rights; its only condition is that the claims shall have been presented not later than January 1, 1914; and the limitation on suit in the Court of Claims (Rev. Stats., § 1069) does not begin before that date. P. 38.

So *held* where the claim had been presented under the Act of 1902, *supra*, rejected, and in part satisfied through suing the collector; and suit for the residue was begun in the Court of Claims January 23, 1917, application for repayment having been made September 7, 1916, and rejected October 30. *Id.*

53 Ct. Clms. 628, reversed

THE case is stated in the opinion.

*Mr. H. T. Newcomb* for appellants.

*The Solicitor General* for the United States:

The ground of the present suit is that the taxes in question were erroneously collected on "contingent beneficial

interests" contrary to the Act of June 27, 1902. Since the latter act was in force at the time the former suit was brought it can only be presumed that the suit was based on the same ground. But whether it was or not is immaterial since the subject-matter of the suit was the same. *Northern Pacific Ry. Co.* v. *Slaght*, 205 U. S. 122, 130, 131; *Stark* v. *Starr*, 94 U. S. 477, 485.

From the decision in *Ward* v. *Sage*, 185 Fed. Rep. 7, it conclusively appears that the subject-matter of that suit was identical with the subject-matter of the present one.

While the United States was not *eo nomine* a party to the record, the former suit obviously was in effect a suit against the United States, under statutes authorizing it to be so brought, and the least that can possibly be said is that the United States was a privy to the suit. The requirements of the doctrine of *res judicata* therefore are amply met.

While there undoubtedly exists at common law a right of action against a tax collector to recover sums wrongfully collected and paid under protest, such a suit when brought against a collector of internal revenue is in substance a suit against the United States, the Government by the statutes having consented to be sued in the name of the collector. This conclusion follows from a consideration of the provisions of the statutes relating to such suits. *State Railroad Taxes*, 92 U. S. 575, 613; *Crocker* v. *Malley*, 249 U. S. 223; *Philadelphia* v. *The Collector*, 5 Wall. 720, 733; *Andreae* v. *Redfield*, 98 U. S. 225, 233.

The claim for $33,665.39, not having been presented to the Commissioner of Internal Revenue prior to January 1, 1914, is barred by the Act of July 27, 1912.

The claim filed in August, 1903, cannot be the basis of the present suit. That claim was merged into and extinguished by the judgment. The present suit is for the difference between the amount of the judgment recovered

on the former claim and the whole amount of the tax, viz., $33,665.39, and no claim for this amount has ever been presented to the Commissioner of Internal Revenue, although application for the payment thereof was made to the Secretary of the Treasury on September 7, 1916. The former claim was filed simply as an essential prerequisite to the bringing of a suit against the collector of internal revenue (see § 3226, Rev. Stats.), and was merged into and extinguished by the judgment recovered in that suit.

No claim presented by the appellants, or any of them, was pending on file when the Act of July 27, 1912, was passed. None has been filed since. The claim therefore could not be considered.

If it be contended that the purpose of the Act of 1912 was to give to holders of claims the right to have those filed or to be filed prior to January 1, 1914, paid by the Secretary of the Treasury, clearly there was no provision that a claim filed which had been rejected and on which suit had been brought and the judgment rendered thereon satisfied by the United States should be treated as a pending claim.

If the portion rejected as a valid claim in that suit could be again asserted by virtue of the Act of 1912, clearly a claim for that portion must be presented, not only because claimants insist it is different from the claim as an entirety and severable, but because the former claim filed was no longer pending but had been acted on and terminated as a claim.

If the present suit be regarded as based on the claim filed in August, 1903, then the suit is itself barred. Claims under § 3 of the Act of June 27, 1902, being payable on presentation, it follows that the claim [*i. e.*, cause of action] "first accrues" when the application for refund is made, within the meaning of § 1069, Rev. Stats.; (Jud. Code, § 156). *United States* v. *Taylor*, 104 U. S. 216;

*United States* v. *Cooper*, 120 U. S. 124, 126; *Rice* v. *United States*, 122 U. S. 611, 620; *United States* v. *Wardwell*, 172 U. S. 48.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a claim under the Acts of June 27, 1902, c. 1160, § 3, 32 Stat. 406, and of July 27, 1912, c. 256, 37 Stat. 240, to have refunded a tax collected under the Act of June 13, 1898, c. 448, § 29, 30 Stat. 448, 464, 465, upon legacies to the wife and children of the testator Dean Sage. The petition was dismissed by the Court of Claims on demurrer. The testator died domiciled in New York on June 23, 1902, so that the debts of the estate were not ascertained and, as decided in *McCoach* v. *Pratt*, 236 U. S. 562, the legacies were not "absolutely vested in possession or enjoyment" before July 1, 1902, and therefore by the terms of the Act of 1902 were not subject to the tax under the above mentioned § 29. A tax of $63,940.88 was collected, however, in June, 1903. On August 24, 1903, an application to have it refunded on the ground that the legacies were not subject to taxation under § 29 was made to the Commissioner of Internal Revenue, but was denied in the following month. Two years later the petitioners sued the Collector and in May, 1912, got judgment for $30,275.49, with interest and costs, which was satisfied by the United States. *McCoach* v. *Pratt, supra,* and *United States* v. *Jones*, 236 U. S. 106, had not been decided at that time and it was held that some of the interests were vested in enjoyment. *Ward* v. *Sage*, 185 Fed. Rep. 7. This suit is for the unrepaid residue and was begun on January 23, 1917. The Government contends that the judgment and also the Act of July 27, 1912, c. 256, § 1, 37 Stat. 240, are bars to the present claim.

The former judgment is not a bar. It is true that the

statutes modify the common-law liability for money wrongfully collected by duress so far as to require a preliminary appeal to the Commissioner of Internal Revenue before bringing a suit. Rev. Stats., § 3226. It is true also that it is the duty of the District Attorney to appear for the collector in such suits, Rev. Stats., § 771; that the judgment is to be paid by the United States and the Collector is exempted from execution if a certificate is granted by the Court that there was probable cause for his act, Rev. Stats., § 989; and that there was a permanent appropriation for the refunding of taxes illegally collected. Rev. Stats., § 3689 (17). No doubt too, if it appeared in a suit against a collector who had acted with probable cause and had turned over his money to the United States, that a part of the tax properly was due to the United States, unnecessary formalities might be omitted and the sum properly due might be retained. Of course, the United States in such a case could not require a second payment of that sum. *Crocker* v. *Malley*, 249 U. S. 223. But no one could contend that technically a judgment of a District Court in a suit against a collector was a judgment against or in favor of the United States. It is hard to say that the United States is privy to such a judgment or that it would be bound by it if a suit were brought in the Court of Claims. The suit is personal and its incidents, such as the nature of the defenses open and the allowance of interest, are different. It does not concern property in which the United States asserts an interest on its own behalf or as trustee, as in *Minnesota* v. *Hitchcock*, 185 U. S. 373, 388. At the time the judgment is entered the United States is a stranger. Subsequently the discretionary action of officials may, or it may not, give the United States a practical interest in the amount of the judgment, as determining the amount of a claim against it, but the claim would arise from the subsequent official act, not from the judgment itself. *United States* v.

*Frerichs*, 124 U. S. 315. But perhaps it would be enough to say that if the judgment otherwise were a bar the bar would be removed by the subsequent enactment of the Act of July 27, 1912, c. 256, 37 Stat. 240, upon which, as well as the Act of 1902, this claim is based.

The Act of July 27, 1912, after providing in § 1 for the presentation of claims for taxes erroneously collected under the above mentioned § 29, as stated in the preceding case of *Coleman* v. *United States, ante,* 30, directs repayment in § 2 to "such claimants as have presented or shall hereafter so present their claims," and establish them. The claimants had presented their claim, and so had complied with the letter of the act. But it is said that they filed it simply as a prerequisite to their suit against the Collector and that its effect was extinguished by the judgment in that suit. This argument reads into the words of the statute what is not there and reads what was there out of the claim. The claim was presented to the Commissioner of Internal Revenue to get the money. The suit was only the undesired alternative in case the Commissioner rejected the claim. It plays no part in the question that we now are considering. Suppose that no suit had been brought we can see no ground for denying that the claim would have been presented within the meaning of the act. It did not have to be a claim under the act as the statute in terms contemplated that it might have been presented before the statute was passed. But if the presenting was sufficient before the suit was brought it is sufficient now. The statute of course does not confine its act of justice to unrejected claims.

The Act of 1912 applied in terms to "all claims for the refunding of any internal tax alleged to have been erroneously or illegally assessed or collected" under the above mentioned § 29. The only condition was that it should have been presented not later than January 1, 1914. Until that time no statute of limitations could begin to run.

After the act was passed an application was made on September 7, 1916, to the Secretary of the Treasury for repayment of the residue of the erroneously collected tax. It was rejected on October 30, 1916, on the mistaken ground that the judgment against the Collector finished the matter. This suit was brought on January 23, 1917, and so was within the six years allowed by Rev. Stats., § 1069, for suits in the Court of Claims. The Act of 1912, like that of 1902, created rights where they had not existed before, *United States* v. *Hvoslef*, 237 U. S. 1, 12, 13, and the claimant's rights are not barred. See further *James* v. *Hicks*, 110 U. S. 272.

*Judgment reversed.*