**CLINTON IRON & STEEL CO. v. HEINER, Collector of Internal Revenue.**

District Court, W. D. Pennsylvania. January 12, 1929.

No. 5650.

Smith, Shaw & McClay, of Pittsburgh, Pa., for plaintiff.

John D. Meyer, U. S. Atty., and John A. McCann, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. W. Hussey, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for defendant.

GIBSON, District Judge. The plaintiff in the action at bar seeks to recover from the United States the sum of $222,856.06, with interest from June 7, 1926. To the statement of claim the defendant has filed the statutory demurrer provided by the Pennsylvania Practice Act (Pa. St. 1920, §§ 17062–17326), and that demurrer is the subject of our present consideration.

The statement of claim sets forth that plaintiff, on March 15, 1919, filed with the defendant, collector of internal revenue, its tentative income and excess profits tax return for the calendar year 1918, and on June 16, 1919, filed its final return for said year. The final return showed taxes due in the amount of $872,655.07. These taxes were assessed against the plaintiff on or about June 16, 1919. In an addendum to this return, plaintiff averred that it was entitled to the benefit of a special assessment under section 328 of the Revenue Act of 1918 (40 Stat. 1093), and pursuant to this addendum, paid to the defendant the taxes computed by it under said section 328 in quarterly payments in the aggregate sum of $678,-241.09.

On January 22, 1920, the collector of internal revenue served upon plaintiff a demand for the payment of $194,414.54, the unpaid part of the original assessment, and, as a part of said demand, defendant threatened interest, penalties, and seizures, if said tax were not paid in full within 10 days. On January 29, 1920, plaintiff filed a claim in abatement, which was later rejected by the Commissioner of Internal Revenue.

On June 21, 1920, the Commissioner of Internal Revenue assessed an additional tax of $29,555.89 against the plaintiff, for which demand was made on 'September 25, 1920. Under a written protest the plaintiff paid this additional tax of $29,555.89 on October 2, 1920. On June 1, 1921, the defendant served upon the plaintiff an additional demand for the payment of $210,939.78, being the balance of $194,414.54 and $16,525.-24 interest, again threatening further interest, penalties, and seizures in event of nonpayment within 10 days.

On June 13, 1921, plaintiff filed another claim in abatement, which was rejected by the Commissioner of Internal Revenue October 6, 1921. Thereafter the Commissioner of Internal Revenue found that abnormal conditions existed which entitled plaintiff to a special assessment under sections 327 and 328 of the Revenue Act of 1918, and redetermined plaintiff's total tax liability for 1918 to be $869,960.21, but in so doing used certain comparatives which were not representative corporations engaged in a like or similar trade or business to that of plaintiff, and used a percentage of 67.42+, thus making the tax claim oppressive and confiscatory. Thereafter, on November 19, 1925, the Commissioner of Internal Revenue advised plaintiff of said redetermination, and declared an overassessment of $32,250.75, and issued a certificate to that effect. In accordance therewith the defendant gave plaintiff a credit of $32,250.75 against the then outstanding and unpaid assessment.

On May 28, 1926, the defendant served upon plaintiff a notice and demand for the payment of $222,856.06, of which amount $162,163.23 was declared to be tax and $60,-692.63 interest thereon. In said demand defendant threatened additional interest, penalties, and seizures in event of nonpayment within 10 days. On June 7, 1926, the plaintiff, under coercion and duress, and under written protest, paid to the defendant the sum of $222,856.06.

Plaintiff averred that no part of said tax was due and owing for the reasons: (1) The comparatives used by the Commissioner were not representative corporations; (2) the tax was oppressive and confiscatory; (3)

the collection was barred by the statute of limitations.

The plaintiff's true tax liability, determined by the use of the correct comparatives on a basis of 53 per cent., was $715,-266.21, wherefore plaintiff claimed from defendant, without consideration of the force of the statute of limitations, the sum of $215,386.83. On February 17, 1927, plaintiff filed a claim for refund of said sum of $215,386.83, alleging that said additional taxes were erroneous, illegal, and void, for the reason that correct comparatives had not been used, and that by correct comparatives a percentage of 53 per cent. was obtained. The Commissioner of Internal Revenue rejected this claim for abatement on April 29, 1927.

On October 21, 1927, plaintiff filed claim for the refund of the entire sum of $222,856.-06 paid under protest on June 7, 1926, on the ground that the collection was barred by the statute of limitations. The Commissioner of Internal Revenue did not rule upon this claim for refund within six months after it was filed.

Defendant's statutory demurrer prays judgment for the defendant for the following reasons:

(1) That this court does not have jurisdiction to review the action of the Commissioner of Internal Revenue in determining the comparatives to be used under the provisions of section 328 of the Revenue Act of 1918, as his action under said section was discretionary.

(2) That the statement of claim does not state facts sufficient to constitute a cause of action against the defendant, because it appears upon the face thereof that said collections were just, legal, and made within the statutory period of limitation properly applicable thereto.

(3) That the filing of the claims in abatement prevented the said collections from being considered overpayments; i. e., tolled the running of the statute of limitations.

The statutory demurrer brings before us two main questions: First, the power of this court to review the decision of the Commissioner of Internal Revenue relative to the claim of plaintiff for special assessment under section 328 of the Revenue Act of 1918; and, second, the right of plaintiff to recover by reason of the collection of 1918 tax after the alleged expiration of the statutory limitation period. As the first of these questions covers only a part of plaintiff's claim, while the second includes all of it, we have considered the defendant's claims in inverse order, and, finding against the defendant upon the limitation phase, as we do, we have given the first question no extended examination. Our casual consideration of it, however, seems to indicate that it is ruled by the decision in Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985, and that defendant is correct in his contention in respect to it; but we find ourselves unable to agree with his position as to the second proposition advanced, and our conclusion in this respect leads to the entry of judgment for the plaintiff upon the demurrer.

An examination of the relevant statutes (quoted in appendix to opinion) will make it plain that, when the defendant collected the disputed tax under threat of distraint, and the plaintiff paid it under protest, the statutory period for its collection had passed, and not only had the remedy of the United States been barred, but the liability had been extinguished. Whether the collection was barred at the end of the five years following the return (the assessment having been made prior to the act of 1924 [43 Stat. 253]), as held in Heiner v. Wilhelm Co. (C. C. A.) 28 F.(2d) 30, or at the end of six years following the assessment, as in United States v. Russell (C. C. A.) 22 F.(2d) 249, recently reversed, is immaterial, because it was barred under either line of cases. As a matter of fact, counsel for the defendant have not contended that the period prescribed by statute for collection of the tax in question had not expired when the tax was paid to the collector, but have based their demurrer, or their argument to sustain the demurrer, upon section 611 of the Revenue Act of 1928 (26 USCA § 2611).

Section 607 of the act of 1928 (26 USCA § 2607) declares any payment of tax assessed or paid after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment, and shall be refunded or credited to the taxpayer, if demand therefor is made in due time. Section 611 of the same act provides that no such payment shall be considered an overpayment, if a claim in abatement of the tax was filed and the collection of the tax was stayed. It is claimed on behalf of the defendant that section 611 retroactively ratified the collection of tax, which was illegal under existing laws at the time it was made.

Congress may, under certain circumstances, ratify an erroneous collection of tax retroactively. United States v. Heinszen & Co., 206 U. S. 370, 27 S. Ct. 742, 51 L. Ed. 1098, 11 Ann. Cas. 688; Rafferty v. Smith, Bell

& Co., 257 U S. 226, 42 S. Ct. 71, 66 L. Ed. 208. The situation in the case at bar, however, is not that of the cases cited. In the instant case the tax was collected by the defendant, as collector of internal revenue, at a time when existing statutory law declared that not only was the right of collection barred, but that the liability had been extinguished. The plaintiff, by statute, was denied relief by injunction. It could do nothing but pay the amount unlawfully demanded and seek its remedy in an action against the collector. Before bringing such action it was required by statute to first demand the return of the amount paid from the Commissioner of Internal Revenue, it is true; nevertheless the suit is not against the United States, but a personal action against the collector, based upon his illegal collection. The United States is interested not at all until and except its proper executive officer, in the exercise of a discretion conferred upon him by statute, adopts the liability of the collector as that of the United States. Sage v. United States, 250 U. S. 33, 39 S. Ct. 415, 63 L. Ed. 828.

Keeping in mind the nature of the present action, it seems plain that section 611 of the Revenue Act of 1928 furnishes no defense to the defendant. That section is not a specific retroactive ratification of the illegal collection by the defendant as its agent (as were the statutes under consideration in United States v. Heinszen and Rafferty v. Smith, Bell & Co., supra), but a statute designed to control the Commissioner and his agent. If it has any retroactive force, it is in respect to a demand upon the United States for the return of an amount voluntarily paid, and not in connection with a personal suit theretofore brought against a collector of internal revenue to recover an amount paid under duress at a time when no legal liability existed on the part of the taxpayer.

Judgment will be entered in favor of the plaintiff, upon defendant's affidavit of defense, raising questions of law, and defendant ordered to file an affidavit of defense to the facts averred in the statement of claim.

Appendix to Opinion—Statutes Involved.

Revenue Act of 1918:

"Section 250. * * * (d) Except in the case of false or fraudulent returns with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made. In the case of such false or fraudulent returns, the amount of tax due may be determined at any time after the return is filed, and the tax may be collected at any time after it becomes due." 40 Stat. 1083.

Revenue Act of 1921:

"Section 250. * * * (d) The amount of income, excess profits, or war profits taxes due under any return made under this act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after the return was filed, and the amount of any such taxes due under any return made under this act for prior taxable years or under prior income, excess profits, or war profits tax Acts, or under section 38 of the act entitled 'An act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes,' approved August 5, 1909, shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes due under this act or under prior income, excess profits, or war profits tax acts, or of any taxes due under section 38 of such Act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this act. * * *" 42 Stat. 265.

Revenue Act of 1924:

"Section 277. (a) Except as provided in section 278 and in subdivision (b) of section 274 and in subdivision (b) of section 279—

* * * * * *

"(2) The amount of income, excess-profits and war profits taxes imposed by the Act entitled 'An act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes,' approved August 5, 1909, the act entitled 'An act to reduce tariff duties and to provide revenue for the government, and for other purposes,' approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and by any such act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period."

"Section 278. * * * (d) Where the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. Nothing in this act shall be construed as preventing the beginning, without assessment, of a proceeding in court for the collection of the tax at any time before the expiration of the period within which an assessment may be made.

"(e) This section shall not (1) authorize the assessment of a tax or the collection thereof by distraint or by a proceeding in court if at the time of the enactment of this act such assessment, distraint, or proceeding was barred by the period of limitation then in existence, or (2) affect any assessment made, or distraint or proceeding in court begun, before the enactment of this act." 43 Stat. 299, 300 (26 USCA § 1057, note, § 1061, note, § 1062, note).

Revenue Act of 1926:

"Section 277 (a) Except as provided in section 278 * * *

"(2) The amount of income, excess profits, and war profits taxes imposed by the Revenue Act of 1921, and by such act as amended, for the taxable year 1921 and succeeding taxable years, and the amount of income taxes imposed by the Revenue Act of 1924, shall be assessed within four years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period."

"Section 278. * * * (d) Where the assessment of any income, excess profits, or war profits tax imposed by this title or by prior act of Congress has been made (whether before or after the enactment of this act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this act), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer.

"(e) This section shall not bar a distraint or proceeding in court begun before the enactment of the Revenue Act of 1924; nor shall it authorize the assessment of a tax or the collection thereof by distraint or by proceeding in court (1) if at the time of the enactment of this act such assessment, distraint or proceeding was barred by the statutory period of limitation properly applicable thereto, unless prior to the enactment of this act the Commissioner and the taxpayer agreed in writing thereto, or (2) contrary to the provisions of subdivision (a) of section 274 of this act."

"Section 1106. (a) The bar of the statute of limitations against the United States in respect of any internal revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no credit or refund in respect of such tax shall be allowed unless the taxpayer has overpaid the tax. The bar of the statute of limitations against the taxpayer in respect of any internal revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no collection in respect of such tax shall be made unless the taxpayer has underpaid the tax." 44 Stat. 58, 59, 113 (26 USCA §§ 1057, 1061, 1062, and § 1249, note).

Revenue Act of 1928:

"Section 607. Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

"Section 611. If any internal revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection.

"Section 612. Section 1106 (a) of the Revenue Act of 1926 is repealed as of February 26, 1926." 45 Stat. 874, 875 (26 USCA §§ 2607, 2611).