**ERIE COAL & COKE CO. v. HEINER,**
Collector of Internal Revenue.

District Court, W. D. Pennsylvania. January 28, 1929.

No. 5625.

H. B. McCawley, of Washington, D. C., and Rose & Eichenauer, of Pittsburgh, Pa., for plaintiff.

John D. Meyer, U. S. Atty., and John A. McCann, Sp. Asst. to U. S. Atty., both of Pittsburgh, Pa., for defendant.

McVICAR, District Judge. This is an action by the Erie Coal & Coke Company against D. B. Heiner, Collector of Internal Revenue, to recover the sum of $65,706.07, with interest from April 20, 1926, being the amount of a tax paid by the plaintiff to the defendant, which the plaintiff alleges is illegal. The parties filed a stipulation waiving trial by jury, and agreeing that the cause may be tried by the court. The parties also agreed upon the facts which the court finds as follows:

1. Erie Coal & Coke Company is and was on April 1, 1918, and at all times subsequent thereto, a corporation organized and existing under the laws of the commonwealth of Pennsylvania, and having its principal office or place of business in Grove City, in the county of Mercer, in said commonwealth.

2. D. B. Heiner, at the time of the payment of the tax hereinafter mentioned, was and now is Collector of the United States Internal Revenue for the Twenty-Third District of Pennsylvania, being duly commissioned as such pursuant to the laws of the United States of America. The said D. B. Heiner is a citizen of the state of Pennsylvania and a resident of the city of Pittsburgh in the said Western District of Pennsylvania.

3. Erie Coal & Coke Company, the plaintiff, on April 1, 1918, filed its tentative income and excess profits tax return for the calendar year 1917, and on June 11th filed its completed return, and paid the tax shown to be due thereon, to wit, $24,456.07.

4. In the month of March, 1921, on Additional List 591, Schedule 3879, the Commissioner of Internal Revenue assessed an additional tax against plaintiff, for the said calendar year 1917, in the sum of $113,252.97.

5. Plaintiff, on May 4, 1921, filed a claim in abatement against said additional tax assessment of $133,252.87, pursuant to which claim said additional assessment was reduced by the sum of $67,546.90. The balance of

said claim for abatement, to wit, $65,706.07, was, on or about March 23, 1926, rejected.

6. Thereupon, defendant proceeded to collect said balance of $65,706.07, and on April 20, 1926, pursuant to notice of distraint warrants and under threat of actual distraint by the said defendant, plaintiff paid to defendant said sum of $65,706.07.

7. On April 27, 1927, plaintiff filed with defendant a claim for refund for said tax collected as aforesaid, to wit, $65,706.07, but said claim for refund has not been acted upon.

8. When plaintiff, on May 4, 1921, filed its claim in abatement, said claim was accompanied by a bond conditioned upon the payment by the plaintiff of any part of said additional tax found to be due by the Commissioner of Internal Revenue, which bond continued in force until the payment by plaintiff of the said sum of $65,706.07, at which time there was substituted a bond in the penal sum of $22,000 conditioned upon the payment of interest upon the said sum of $65,706.07. Plaintiff made an offer in compromise of said interest charge in the sum of $2,500, which offer was accepted by the Commissioner of Internal Revenue, and plaintiff accordingly paid said sum.

9. No consent in writing between the taxpayer and the Commissioner of Internal Revenue, extending the statutory period of limitation (such consents being commonly known and designated as waivers), has ever been entered into in this case.

### Conclusions of Law.

1. The tax of $65,706.07 paid by the plaintiff to the defendant April 20, 1926, was barred under the existing statutes of limitations.

2. Sections 607 and 611 of the Revenue Act of 1928 are not applicable to the facts of this case.

3. The plaintiff is entitled to judgment with costs.

### Discussion.

The Erie Coal & Coke Company, in April and June of 1918, filed its tentative income and excess profits tax for the year 1917, and paid the tax shown thereon, $24,456.07. In March 1921, the Commissioner of Internal Revenue assessed an additional tax against plaintiff for the year 1917, in the sum of $133,252.97. May 4, 1921, plaintiff filed a claim in abatement for said additional tax assessment, which was reduced in the sum of $67,546.90; the balance of the claim, $65,-706.07, was rejected March 23, 1926. April 20, 1926, plaintiff, pursuant to notice of distraint warrants and under threat of actual distraint, paid said sum of $65,706.07. April 27, 1927, plaintiff claimed a refund of defendant for the amount of the tax paid which has not been acted upon.

It is admitted that the tax paid April 20, 1926, of $65,706.07 was barred at the time of payment under the then existing statutes of limitations. The question involved therefore is, as stated by the defendant, Is recovery of the tax paid by the plaintiff subsequent to the expiration of the statute of limitations upon collection precluded by section 611 of the Revenue Act of 1928? Defendant answers this question in the affirmative, plaintiff in the negative. We are of the opinion that section 611 is not applicable and, therefore, that the plaintiff is entitled to recover. Sections 607 and 611 of the Revenue Act of 1928 (26 USCA §§ 2607, 2611) are as follows:

"Section 607. Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this Act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

"Section 611. If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this Act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection."

This court, in an opinion by Judge Gibson (which we follow herein) in the case of Clinton Iron & Steel Co. v. D. B. Heiner, Collector of Internal Revenue, No. 5650 Law, 30 F.(2d) 542, decided this month, held that the sections aforesaid are not applicable. Judge Gibson, in his opinion, said:

"Section 607 of the Act of 1928 * * * declares any payment of tax assessed or paid after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment, and shall be re-

funded or credited to the taxpayer, if demand therefor is made in due time. Section 611 of the same Act provides that no such payment shall be considered an overpayment, if a claim in abatement of the tax was filed and the collection of the tax was stayed. It is claimed on behalf of the defendant that Section 611 retroactively ratified the collection of tax, which was illegal under existing laws at the time it was made.

"Congress may, under certain circumstances, ratify an erroneous collection of tax retroactively. United States v. Heinszen & Co., 206 U. S. 370, 27 S. Ct. 742, 51 L. Ed. 1098, 11 Ann. Cas. 688; Rafferty v. Smith, Bell & Co., 257 U. S. 226, 42 S. Ct. 71, 66 L. Ed. 208. The situation in the case at bar, however, is not that of the cases cited. In the instant case the tax was collected by the defendant, as Collector of Internal Revenue, at a time when existing statutory law declared that not only was the right of collection barred, but that the liability had been extinguished. The plaintiff, by statute, was denied relief by injunction. It could do nothing but pay the amount unlawfully demanded and seek its remedy in an action against the Collector. Before bringing such action it was required by statute to first demand the return of the amount paid from the Commissioner of Internal Revenue, it is true; nevertheless the suit is not against the United States, but a personal action against the Collector, based upon his illegal collection. The United States is interested not at all until and except its proper executive officer, in the exercise of a discretion conferred upon him by statute, adopts the liability of the Collector as that of the United States. Sage v. United States, 250 U. S. 33, 39 S. Ct. 415, 63 L. Ed. 828.

"Keeping in mind the nature of the present action, it seems plain that Section 611 of the Revenue Act of 1928 furnishes no defense to the defendant. That section is not a specific retroactive ratification of the illegal collection by the defendant as its agent (as were the statutes under consideration in United States v. Heinszen and Rafferty v. Smith, Bell & Co., supra), but a statute designed to control the Commissioner and his agent. If it has any retroactive force, it is in respect to a demand upon the United States for the return of an amount voluntarily paid, and not in connection with a personal suit theretofore brought against a Collector of Internal Revenue to recover an amount paid under duress at a time when no legal liability existed on the part of the taxpayer."

We are of the opinion that the plaintiff is entitled to recover and, therefore, direct that a form of order for judgment in its favor, in accordance with this opinion, be prepared and submitted to the court.