**TAIT, Collector of Internal Revenue, v. WESTERN MARYLAND RY. CO.**

**No. 3367.**

Circuit Court of Appeals, Fourth Circuit.

Jan. 10, 1933.

Charles G. Page, Asst. U. S. Atty., and Simon E. Sobeloff, U. S. Atty., both of Baltimore, Md. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., on the brief), for appellant.

Eugene S. Williams, of Baltimore, Md., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

This case renews the controversy that was before this court in Western Maryland Railway Co. v. Commissioner of Internal Revenue (C. C. A.) 33 F.(2d) 695, upon a petition to review a decision of the Board of Tax Appeals with regard to the income tax liability of the railway company for the years 1918 and 1919. The Board had denied the right of the railway company to deduct from its gross income for these years an amortized portion of a discount of $3,638,451.67, at which bonds in the amount of $46,633,000, that the railway company was bound to pay, had been previously sold. Two questions were presented in that case, as an examination of the decision of this court and the decision of the Board, 12 B. T. A. 889, will disclose. They were: (1) Whether the discount on bonds sold by a corporation below par may be amortized for income tax purposes over the

life of the bonds by deducting a proportionate part of the discount each year as accrued interest from the gross income; and (2) whether Western Maryland Railway Company, a corporation formed under the laws of Maryland by the consolidation of a predecessor corporation and seven subsidiary corporations fully owned by it, was entitled to amortize the discount on bonds which had been issued before it came into existence, and which it had undertaken to pay. Both questions were decided in favor of the railway company, and the decision of the Board of Tax Appeals was reversed.

The Board of Tax Appeals had held that whatever rights the railway company derived from the consolidation with its subsidiary companies, neither it nor its predecessor was entitled to deduct from gross income an amortized proportion of the discount. When the case was argued in this court, the Commissioner did not rely on this point, for the reason that in the meantime the Board had held to the opposite effect in Chicago, R. I. & P. R. Co. v. Commissioner, 13 B. T. A. 988. Hence it was not denied that the railway company had the right to amortize the discount on the bonds, if it succeeded to this right in the corporate reorganization, and the question discussed was whether the new corporation was so distinct and separate an entity that it did not acquire the right which its predecessor might have enjoyed. A decision on the propriety of amortization of discount, however, was necessary to the determination of the controversy, and it was discussed at some length in our former opinion in the light of Regulations 45 of the Treasury Department, Article 554, and of the decisions of the courts.

The pending case involves the same points with respect to the income tax of the railway company for the years 1920 to 1925. A suit was brought by the railway company against the collector of internal revenue of the United States for the District of Maryland in three counts, claiming refunds in the aggregate sum of $26,258.77, paid by the taxpayer for the years 1920 to 1922, through error in failing to amortize the discount in these years; and a separate suit against the collector for the aggregate sum of $30,298.59 paid for the years 1923 to 1925 under duress, after a deduction for the amortized discount made by the taxpayer in his income tax return for each of said years had been disallowed by the Commissioner of Internal Revenue. There were also two other suits brought by the railway company against the United States, each of which was limited to the year 1920 and covered as to that year precisely the same claim as the first count of the first suit above described. All of the cases were consolidated by order of the District Court, and, the matter being tried before the court without a jury upon a stipulation of facts, a verdict was found for the sum of $56,557.36, the full amount of the plaintiff's claim. An appeal was taken from the refusal of the District Judge to rule that, under the stipulated facts, the plaintiff was not entitled to recover.

We are asked to review our decision in the former litigation because of the later decision of the Supreme Court in Old Colony R. R. Co. v. Commissioner, 284 U. S. 552, 52 S. Ct. 211, 76 L. Ed. 484. The Supreme Court held that a premium on bonds received by a corporation prior to the adoption of the Sixteenth Amendment was income for the year in which it was received, and no part of it may be taxed by a subsequent income tax act; and that, in so far as such a premium is concerned, Treasury Regulations were ineffective which provided that, if bonds are issued at a premium, the net amount is income which should be amortized over the life of the bonds. The approval by Congress, implied from repeated re-enactments, of the interpretation of the income tax statutes embodied in these regulations, was held to be of no avail since the premium received had become principal prior to the Sixteenth Amendment and could not be reached by subsequent legislation. The case now before us is not precisely the same, for, although all the bonds were issued prior to the amendment, we have to do with a discount and not with a premium, and the same constitutional difficulty does not arise. It may be questioned, however, whether regulations which purport to authorize the amortization of discount and premium alike can reasonably be construed to apply only to discount allowed before the amendment, when it is shown that they are invalid as to premium received at that time.

■■■ A determination of this question is not necessary to a decision of this case, for in our opinion the right of the railway company to amortize the discount on the bonds was conclusively settled by the earlier decision of this court. The applicable rule is succinctly stated in Southern Pacific R. Co. v. U. S., 168 U. S. 1, 18 S. Ct. 18, 27, 42 L. Ed. 355, as follows: "The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same

parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

See, also, United States v. Moser, 266 U. S. 236, 241, 45 S. Ct. 66, 69 L. Ed. 262. This principle applies to cases of taxation as well as to other subjects of litigation. New Orleans v. Citizens' Bank, 167 U. S. 371, 17 S. Ct. 905, 42 L. Ed. 202; Gunter v. Atlantic Coast Line R. Co., 200 U. S. 273, 26 S. Ct. 252, 50 L. Ed. 477; United States v. Stone & Downer Co., 274 U. S. 225, 230, 47 S. Ct. 616, 71 L. Ed. 1013.

We are told that the doctrine of res adjudicata is not applicable in this case even to the limited extent which obtains when the subsequent cause of action arises between the same parties upon a different claim or demand, because the present controversy arises upon different facts and between different parties. The difference of fact relates to the history of the corporate organizations which preceded the present taxpayer. The present record shows that the bonds in question were issued under a mortgage executed October 1, 1902, by Western Maryland Railroad Company, a Maryland corporation (company No. 1), and that during the period from October, 1902, to December, 1908, this corporation issued $42,518,000 face value of bonds at a discount of $3,021,351.67. A receiver was appointed for this company, and, under proceedings to foreclose a second mortgage, all of the property of the corporation was sold and conveyed to The Western Maryland Railway Company (company No. 2), a new corporation created under the laws of Maryland, which, as part of the purchase price, assumed the obligation of the first mortgage of its predecessor. In July and August, 1911, company No. 2 sold an additional $4,115,000 of bonds secured by the first mortgage of company No. 1 at a discount of $617,100. The second company operated the property from 1910 until 1917, when it was consolidated with the seven subsidiaries, and the property was conveyed under the consolidation agreement to the present corporation, Western Maryland Railway Company (company No. 3), subject to the first lien of the bonds sold under the mortgage of 1902.

■■ The point is made that this court in its prior opinion did not consider the company referred to as company No. 1, but treated the case as if the bonds had been issued by company No. 2 under its own mortgage, so that the attention of the court was directed to the question as to whether the present taxpayer was entitled to the rights of the second company, without taking into account the fact that the rights of the second company were obtained from the first. This observation is substantially correct, but the treatment of the facts by the court was due to the following stipulation by the parties, adopted by the Board of Tax Appeals as a finding of fact (which we know judicially from our own records, United States v. California Canneries, 279 U. S. 553, 49 S. Ct. 423, 73 L. Ed. 838): "These bonds were issued by Western Maryland Railroad Company (Company No. 1), a corporation organized under the laws of the State of Maryland, predecessor of, and which for the purposes of this case may be taken as identical with Railway Company (Company No. 2). Railway Company succeeded Western Maryland Railroad as of January 1, 1910. * * * "

The parties acted upon this assumption throughout the suit; the Commissioner contending that the claim of the taxpayer must fail because it did not itself issue the bonds at a discount, but only bound itself to pay them long after they were sold. This contention, as we have seen, did not then prevail. We are now asked to re-examine the evidence and reach a different conclusion, and the reasons given are that the evidence in the present case shows more clearly the gap between the present corporation and the one which originally issued the greater amount of the bonds; and also that this court did not fully appreciate the force of the facts in the former case which marked the difference between the present company and the one which immediately preceded it. We are not impressed by this argument, for, if a question is actually and directly in issue, and is judicially passed upon and determined in a suit, a party bound by the judgment cannot escape its effects by producing a new argument or new evidence in a subsequent action in support of the proposition decided against him. Southern Pacific Railroad Co. v. United States, 168 U. S. 1, 18 S. Ct. 18, 42 L. Ed. 355; Gunter v. Atlantic Coast Line R. Co., 200 U. S. 273, 290, 26 S. Ct. 252, 50 L. Ed. 477; Smith v. Town of Ontario (C. C.) 4 F. 386. If the appellee in the pending case is now permitted to produce additional evidence (which it may be said in passing was available at the first trial), to prove the point which was then relied on, the settled rule would be disregarded, and the purpose of the doctrine of res judicata to put an end to litigation and

936

to protect a successful litigant from a second trial of a controversy would be defeated.

Nor is there merit in the suggestion that the doctrine of res judicata does not apply because the second suit is not between the same parties as the first. In the earlier case, the taxpayer was opposed by the Commissioner of Internal Revenue, and it is conceded by the appellee that the Commissioner was acting in his official capacity as a representative of the United States, and that the judgment against him, if otherwise conclusive, should be given full effect in the present suits against the United States. It is urged, however, that the former judgment is not binding on the collector of internal revenue in the present suits against him for the reasons given by this court in Strother v. Commissioner (Bankers' Pocahontas Coal Co. v. Commissioner), 55 F.(2d) 626, affirmed by the Supreme Court on December 5, 1932, 53 S. Ct. 150, 77 L. Ed. ——. In these cases the decision of the Supreme Court in Sage v. United States, 250 U. S. 33, 39, 39 S. Ct. 415, 63 L. Ed. 828, was relied on and reaffirmed to the effect that a judgment in a former suit brought by a taxpayer against a collector is not res judicata in a later suit brought by the taxpayer against the Commissioner of Internal Revenue of the United States. It was shown in Sage v. United States that a judgment in a suit against a collector is not technically a judgment against or in favor of the United States; that the suit is personal, and its incidents, such as the nature of the defenses open and the allowance of interest, are different; that, at the time the judgment is entered, the United States is a stranger, and subsequently the discretionary action of officials may or may not give the United States a practical interest in the amount of the judgment. But it does not follow that a collector of internal revenue may not be bound by a judgment rendered in a prior suit against the United States, or the Commissioner of Internal Revenue, acting in its behalf. Taxes erroneously collected by a collector of internal revenue are received by him in his capacity as an agent of the United States, and, if it has been subsequently determined by the judgment of a court that his principal was not entitled to receive them, the agent is bound by the judgment and may not contest the point anew. See Second National Bank of Saginaw v. Woodworth (D. C.) 54 F.(2d) 672; Bertelsen v. White (D. C.) 58 F.(2d) 792.

The judgment of the District Court is affirmed.

NORTHCOTT, Circuit Judge.

I concur, for the reason that I feel myself bound by the former decision of a majority of this court in Western Maryland Railway Co. v. Commissioner, 33 F.(2d) 695, in which case I dissented.