**BRAUCH v. BIRMINGHAM, Collector of Internal Revenue.**
**No. 119.**

District Court, N. D. Iowa, W. D.
March 27, 1943.

E. P. Murray, of LeMars, Iowa, and Fred H. Free, of Free & Free, of Sioux City, Iowa, for plaintiff.

230

Wm. B. Danforth, Asst. U. S. Atty., of Sioux City, Iowa, for defendant.

DELEHANT, District Judge.

The defendant has presented a motion to dismiss this suit under Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that the complaint, as amended, fails to state a claim upon which relief can be granted. The action is brought by the plaintiff against the defendant for the recovery of $884.27 together with interest, which she alleges was illegally collected from her by a predecessor of the defendant in the office of Collector of Internal Revenue for the District of Iowa as additional income taxes for the years 1935, 1936 and 1937.

In considering the motion, the court proceeds upon the premise that "the motion to dismiss for insufficiency is applicable, as a general rule, only where it is clear and apparent to the court that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the specific claim". Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865, 870. There the writer of the opinion adverted briefly to the English source of our motion to dismiss and the construction of the original rule in the English courts, and also cited and followed Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302, 305. In the latter case our Circuit Court said: "Under the present practice, we think, the making of a motion to dismiss a complaint for failure to state a claim upon which relief can be granted has the effect of admitting the existence and validity of the claim as stated, but challenges the right of the plaintiff to relief thereunder. Such a motion, of course, serves a useful purpose where, for instance, a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted to him." See also Sparks v. England, 8 Cir., 113 F.2d 579, and Cohen v. United States, 8 Cir., 129 F.2d 733, 736, in the latter of which it is asserted that: "When a motion to dismiss is interposed the complaint must be construed in the light most favorable to the plaintiff, and it should not be dismissed if it is reasonably conceivable that at the trial the plaintiff might establish a cause of action."

Appraised by the suggested standards, the defendant's first specification of insufficiency in the complaint is not well taken. It assails the plaintiff's failure to state the grounds for the alleged illegality of the taxes assessed and collected. Even by the amendment to the complaint filed preliminary to the oral argument upon the motion to dismiss, in which the plaintiff asserts that the taxes involved were really based on income belonging to the plaintiff's sister and not to the plaintiff, the pleading of invalidity is left, at the best, in a vague and informal posture. But mere informality and want of particularity in the averment of a claim will not support a motion to dismiss. They may justify other exploratory procedure for which the rules make ample provision, but they can not avail the defendant for his present purpose.

However, the defendant further supports his motion by the assertion that recovery may not be granted against him on account of taxes illegally collected by his predecessor in office; and in this position the court considers him to be justified.

In Sage v. United States, 250 U.S. 33, 36, 37, 39 S.Ct. 415, 63 L.Ed. 828, the Supreme Court considered the nature of a suit for wrongfully collected taxes against a collector of internal revenue and held it to be a personal action against the collector, notwithstanding (inter alia) the statutory provision for payment of the potential judgment by the United States under certain circumstances. See 28 U.S.C.A. § 842. Shortly thereafter in Smietanka v. Indiana Steel Company, 257 U.S. 1, 4, 42 S.Ct. 1, 2, 66 L.Ed. 99, the rule in the Sage case was examined and reaffirmed; and in response to explicit questions certified for answer by the Circuit Court of Appeals it was plainly stated that an action against a collector of internal revenue to recover taxes erroneously exacted by him is based upon his personal liability and can not be maintained against his successor in office who had no part in the assessment, collection or disbursement of the taxes. The reasoning of Mr. Justice Holmes is convincing. He said in part: "To show that the action still is personal, as laid down in Sage v. United States, 250 U.S. 33, 37, 39 S.Ct. 415, 63 L.Ed. 828, it would seem to be enough to observe that when the suit is begun it cannot be known with certainty that the judgment will be paid out of the Treas-

ury. That depends upon the certificate of the Court in the case. It is not to be supposed that a stranger to an unwarranted transaction is made answerable for it; yet that might be the result of the suit if it could be brought against a successor to the collectorship. A personal execution is denied only when the certificate is given. It is true that in this instance the certificate has been made, but the intended scope of the action must be judged by its possibilities under the statutes that deal with it. The language of the most material enactment, Rev.St. § 989 [28 U. S.C.A. § 842], gives no countenance to the plaintiff's argument. It enacts that no execution shall issue against the collector but that the amount of the judgment shall 'be provided for and paid out of the proper appropriation from the Treasury,' when and only when the Court certifies to either of the facts certified here, and 'when a recovery is had in any suit or proceedings against a collector or other officer of the revenue for any act done by him, or for the recovery of any money exacted by or paid to him and by him paid into the Treasury, in the performance of his official duty.' A recovery for acts done by the defendant is the only one contemplated by the words 'by him'. The same is true of Rev.St. § 771 [28 U.S.C.A. § 485], requiring District Attorneys to defend such suits.

"No different conclusion results from the Act of February 8, 1899, c. 121, 30 Stat. 822 [28 U.S.C.A. § 780 note]. That is a general provision that a suit by or 'against an officer of the United States in his official capacity' should not abate by reason of his death, or the expiration of his term of office, etc., but that the Court upon motion within twelve months showing the necessity for the survival of the suit to obtain a settlement of the question involved, may allow the same to be maintained by or against his successor in office. Whether this would apply to a suit of the present kind is at least doubtful. Roberts v. Lowe, D.C., 236 F. 604, 605. In Patton v. Brady, 184 U.S. 608, 22 S.Ct. 493, 46 L.Ed. 713, a suit against a collector begun after the passage of this statute, it was held that it could be revived against his executrix, which shows again that the action is personal; as also does the fact that the collector may be held liable for interest. Erskine v. Van Arsdale, 15 Wall. 75, 21 L. Ed. 63; Redfield v. Bartels, 139 U.S. 694, 11 S.Ct. 683, 35 L.Ed. 310. But in any event the statute supposes a suit already begun against the officer in his lifetime." See also Union Trust Co. v. Wardell, 258 U.S. 537, 540, 42 S.Ct. 393, 66 L.Ed. 753, and Levy v. Wardell, 258 U.S. 542, 543, 42 S.Ct. 395, 66 L.Ed. 758.

Very recently, in United States v. Nunnally Investment Co., 316 U.S. 258, 259, 62 S.Ct. 1064, 1065, 86 L.Ed. 1455, 140 A.L.R. 792, Mr. Justice Frankfurter reviewed historically and affirmed the doctrine announced in Sage v. United States, supra, "that the United States is a 'stranger' to a judgment resulting from a suit brought against a collector", and emphatically reiterated the personal character of a suit against the collector and his personal liability thereunder. Noting and responding to the picturesque criticism by Mr. Justice Cardozo in Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265, of the personal character of suits against the collector as a legal anachronism, he demonstrates conclusively that the doctrine of the Sage case remains unimpaired. In the face of that opinion it is quite unnecessary to comment on the earlier dictum in Rogan v. Delaney, 9 Cir., 110 F.2d 336 (certiorari denied, 311 U.S. 660, 61 S.Ct. 17, 85 L.Ed. 423) premised upon Moore Ice Cream Co. v. Rose, supra, on which alone the plaintiff has relied in argument.

■ Nor can the complaint in this case be sustained as the assertion of a valid claim against the defendant by reason of Title 26 U.S.C.A. Section 3772(d), which is an amendment added by act of October 21, 1942, as an obvious response by the Congress to the Supreme Court's reiteration in United States v. Nunnally Investment Co., supra, of the rule that in consequence of the personal character of a suit against a collector for the recovery of taxes illegally exacted, the judgment therein was not res judicata in a subsequent direct suit against the United States in the Court of Claims. The amendment of October 21, 1942, does provide that such a personal suit against the collector "shall be treated as if the United States had been a party to such suit in applying the doctrine of res judicata in all suits instituted after June 15, 1942, in respect of any internal revenue tax, and in all proceedings in the Board and on review of decisions of the Board where the petition to the Board was filed after such date." But it does not even conceivably enlarge the liability of, or

alter the nature of actions for recovery of illegally collected taxes against, a collector.

The court, therefore, considers that upon the asserted ground of the defendant's immunity from liability for the repayment of taxes wrongfully collected by one of his predecessors, his motion to dismiss is well taken. An order is therefore being entered sustaining the motion. While the basis of the ruling here announced would seem to preclude effective amendment of the complaint, a provision has been inserted into the order allowing amendment within a specified time at the plaintiff's election.