OPINION. Tyson, Judge: The main issue in both dockets is whether, for Federal income tax purposes, there was a valid partnership existing in the taxable years, with petitioner, his wife, and his children as partners therein. Incidental to that issue there is the further issue of whether the judgment of the United States District Court constitutes res judi-cata, or, as more properly stated -with reference to the situation here, estoppel by judgment as to the main issue. We shall consider first the incidental issue. That the principle of estoppel by judgment does not apply with res-spect to the disposition of the issue we have here as to the years 1938 and 1939 is clear, because the suit in the United States District Court involving the year 1937, although brought by petitioner, as is the proceeding here, was against the collector of internal revenue, whereas, the proceeding in Docket No. 109996 herein, involving 1938 and 1939, is against the Commissioner of Internal Revenue. The parties to the two suits were not identical and that prime requisite for the application of the doctrine of estoppel by judgment is lacking as to the proceeding in Docket No. 109996. We are therefore not precluded by the judgment of the District Court from considering the question presented in that docket on its merits. Sage v. United States, 250 U. S. 33; Bankers Pocahontas Coal Co. v. Burnet, 287 U. S. 308; and United States v. Nunnally Investment Co., 316 U. S. 258. Cf. Tait v. Western Md. Ry. Co., 289 U. S. 620; and Sunshine Coal Co. v. Adkins, 310 U. S. 381. The proceeding in Docket No. 109996 having been instituted prior to June 15,1942. section 3772 (d) of the Internal Revenue Code, as .added by section 503 of the Revenue Act of 1942,[1] does not apply. The proceeding in Docket No. 112248 herein, involving the year 1940, was, however, instituted after June 15.1942; so that the fact that petitioner’s suit in the District Court was against the collector, while here his proceeding is against the Commissioner, does not of itself operate to prevent the application of the principle of estoppel by judgment as to 1940. Respondent, on brief, concedes this. Does the judgment of the District Court nevertheless constitute estoppel by judgment as to the issue presented in Docket No. 112248? The rule of estoppel by judgment, so far as it relates to the requirement that the question in the two cases must be the same, is stated in Southern Pacific Railroad v. United States, 168 U. S. 1, 48, as follows: The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established * * * . See also Cromwell v. County of Sac, 94 U. S. 351, 353; New Orleans v. Citizens' Bank, 167 U. S. 371, 397; United States v. Moser, 266 U. S. 236; and Tait v. Western Md. Ry. Co., supra. This rule applies to tax cases, and if the conditions for its operation exist, it governs where, as here, taxes for different years are involved and the action in the later case is upon a different claim or demand from that involved in the earlier one and the parties are the same in both cases. Tait v. Western Md. Ry. Co., supra; Leininger v. Commissioner, 86 Fed. (2d) 791; The Evergreens, 47 B. T. A. 815; affd., 141 Fed. (2d) 927; and Alice G. K. Kleberg, 2 T. C. 1024, 1032. The pleadings and judgment in the suit in the District Court show that the point in controversy and the thing adjudged was whether the petitioner here (plaintiff there) and his wife and children- were partners during 1937 in the business operated under the name of Birmingham Electric & Manufacturing Co., or whether that business was owned by the petitioner as an individual proprietor. As that suit was one to recover income taxes paid by the petitioner in response to a determination by the Commissioner that there was not a bona fide partnership and that the business was owned by, and the net income was taxable to, the petitioner, and as the parties stipulated therein that, if the jury found there was a partnership during 1937. judgment should be rendered on such verdict in favor of the petitioner for the taxes paid, it is obvious that the verdict of the jury and the judgment entered thereon involved a determination that there was a partnership for Federal income tax purposes in 1937. The question presented here in Docket No. 112248 is the same, except for different years, such question requiring a determination of whether there was a partnership for Federal income tax purposes between the same persons in the same business during the year 1940. In New Orleans v. Citizens’ Bank, supra, at pp. 396, 398, the Supreme Court said : * * * The estoppel resulting from the thing adjudged does not depend upon whether there is the same demand in both eases, but exists, even although there be different demands, when the question upon which the recovery of the second demand depends has under identical circumstances and conditions been previously concluded by a judgment between the parties or their privies. This is the elemental rule, stated in the text books and enforced by many decisions of this court. * * * It follows, then, that the mere fact that the demand in this case is for a tax for one year and the demands in the adjudged cases were for taxes for other years, does not prevent the operation of the thing adjudged, if, in the prior cases, the question of exemption was necessarily presented and determined upon identically the same facts upon which the right of exemption is now claimed. [Italics supplied.] See also Tait v. Western Md. Ry. Co., supra, p. 626. The record herein does not show what evidence was presented to the jury in the District Court suit. All that we know is that the question of whether a partnership existed in 1937 among the petitioner and his wife and children was presented in that suit for determination. Whether that question was solved by evidence of the same facts and circumstances as are shown in the present case or by evidence of a different set of facts and circumstances does not appear, and hence it is impossible to determine that the question presented here has, “under identical circumstances and conditions,” been previously concluded by the judgment of the District Court. In order to work an estoppel by judgment the facts, as well as the question, in both cases must be the same, and if it is not known what the facts in both cases are the rule does not apply. Campana Corporation v. Harrison, 135 Fed. (2d) 334, 336. In cases where the rule of estoppel by judgment has been invoked the facts in the former proceedings were clearly determinable from the record before the court. See Tait v. Western Md. Ry. Co., supra; United Shoe Mach. Co. v. United States, 258 U. S. 451, 459; Oklahoma v. Texas, 256 U. S. 70, 86; Vicksburg v. Henson, 231 U. S. 259; New Orleans v. Citizens' Bank, supra; Washington Gas Co. v. District of Columbia, 161 U. S. 316; The Evergreens v. Nunan, 141 Fed. (2d) 927; Leininger v. Commissioner, supra; Paine & Williams Co. v. Baldwin Rubber Co., 113 Fed. (2d) 840; Libbie Rice Farish, 2 T. C. 949; Pryor & Lockhart Development Co., 34 B. T. A. 687; Arthur Curtiss James, 31 B. T. A. 712. Since none of the facts upon which the adjudication of the District Court was based is shown in this record, we are unable to say that they were the same, or substantially the same, as those presented here upon the same question, and. consequently, we hold that the judgment of that court does not operate as an estoppel by judgment in this proceeding for the year 1940, and that we are not precluded from considering the question presented as to that year on its merits. Having decided that the principle of estoppel by judgment does not apply to the proceeding in either of the two dockets here involved, we shall now consider the main issue presented in both of those proceedings. As to this main issue, respondent contends that there was no bona fide partnership, for Federal income tax purposes, among petitioner, his wife, and his children and that consequently petitioner is taxable with their alleged distributable shares in the profits of the company’s business as determined by the respondent; while petitioner contends that there was such a bona fide partnership and that he is not so taxable. Although the partnership between the petitioner and his wife and children may be a valid partnership under the law of Alabama, and although it be assumed that the facts found herein support the conclusion that the petitioner made a bona fide gift to his wife and children of an interest in the business, we are nevertheless of the opinion that the arrangement between the petitioner and his wife and children should not be recognized as a partnership during either of the taxable years, for the purposes of the income tax law, and that the respondent correctly taxed the petitioner on the whole of the income of the business for those years. The business- was that of repairing and rebuilding electrical machinery and equipment. The services rendered by the petitioner’s wife and his daughter, Ann, and his son, Malcolm, were obviously of negligible importance as an income producing factor. We are not informed as to whether other persons were employed and as to the nature and extent of their services, if any. The business required the application of technical knowledge and the petitioner, in managing the business, supplied that knowledge. He is a graduate electrical engineer. The company owned physical assets, such as land, building, machinery, and equipment, furniture and fixtures, delivery equipment, and inventories. Those assets were carried in the balance sheets attached to its returns at the following values: Jan. 1, 1937_$21,841. 30 Dec. 31, 1937- 24, 874. 40 Dec. 31, 1938_ 22, 610. 76 Dec. 31, 1939_ 18,817.45 Dec. 31,1940_ 18, 841 08 If the earnings of the business were due mainly, though not entirely, to the personal activities and abilities of the petitioner as an electrical engineer, under the principle applied in Earp v. Jones, 131 Fed. (2d) 292; certiorari denied, 318 U. S. 764; Mead v. Commissioner, 131 Fed. (2d) 323; certiorari denied, 318 U. S. 777; and Schroder v. Commissioner, 134 Fed. (2d) 346. we would -be required to disregard the arrangement between the petitioner and the members of his family and to tax the income to him as the real earner thereof, Lucas v. Earl, 281 U. S. 111. On the other hand, if the earnings of the business were not due mainly to the personal services rendered by petitioner, but mainly flowed from the capital interests of the several partners, the rule of the Earp, Mead, and Schroder cases would not apply and the petitioner would be taxable only on his distributive share of the income. J. D. Johnston, Jr., 3 T. C. 799, and M. W. Smith, Jr., 3 T. C. 894. As we have indicated above, the evidence shows that the personal activities and abilities of the petitioner contributed in a large measure to the production of the income and that, in the operation of the business, the company used physical assets of the value of approximately $20,000 during five years. The books and partnership returns show that during the years 1937 to 1940, inclusive, the annual net earnings ranged from $15,986.88 in 1937 to $9,305.88 in 1940. Such annual earnings are 50 percent and more, in excess of the capital investment in physical assets. The personal services of the petitioner were worth $12,000 per year, if measured by the amount of salary paid him for identical services by the predecessor corporation in 1936. It would seem, therefore, that the physical assets, or capital interests, were not responsible for the production of the income to such a degree as would place the present case without the rule of the Ea/rp, Mead, and Schroder cases and bring it within the rule of the Johnston and Smith cases. While the evidence affords no basis for a positive finding that the activities and services of the petitioner were the main factors in the production of the income, it points quite strongly in that direction. In this situation, if the petitioner would escape the tax on the distributive shares of his partners, we think that he should have shown that his activities and services were not the main factors in the production of the income of the company. This he has not done, and we consequently are unable to say that the respondent erred in taxing to petitioner the whole of the income of the company for the taxable years involved. The determination of the respondent is therefore approved. Reviewed by the Court. Decision will he entered under Bule 50. Murdock, Sternhagen, Van Fossan, Leech, Mellott, and Disney, JJ., concur only in the result. SEC. 503. SUIT AGAINST COLLECTOR BAR IN OTHER SUITS. Section 3772 (relating to suits) is amended by inserting at the end thereof the following new subsection: “(d) Suits Against Collector a Bar. — A suit against a collector (or former collector) or his personal representative for the recovery of any internai. revenue tax alleged to have been erroneously or Illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected shall be treated as if the United States had been a party to such suit in applying the doctrine of res judicata in all suits instituted after June 15. 1942, in respect of any internal revenue tax, and in all proceedings in the Board and on review of decisions of the Board where the petition to the Board was filed after such date.”