## HEINER v. ERIE COAL & COKE CO.
### No. 4138.

Circuit Court of Appeals, Third Circuit.
July 9, 1930.

Louis Edward Graham, U. S. Atty., of Beaver, Pa., and John A. McCann, Sp. Asst. U. S. Atty., of Pittsburgh, Pa. (C. M. Charest, Gen. Counsel, Bureau of Internal Rev-

enue, and Henry C. Clark, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellant.

Maynard Teall, of Pittsburgh, Pa., amicus curiæ.

R. A. Applegate and Rose & Eichenauer, all of Pittsburgh, Pa., and Brown & McCawley, of Washington, D. C., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the Erie Coal & Coke Company brought suit against Heiner, collector of internal revenue, to recover taxes unjustly, it alleged, collected from it and paid under protest. It recovered a judgment for the amount claimed. Whereupon the collector took this appeal. The primary question is whether recovery for the taxes—which were unlawfully collected on April 20, 1926—was barred by the statute of limitations.

In considering that question we note that on April 20, 1926, when these taxes, viz., $67,706.07, were collected and paid under protest, they were barred inasmuch as section 1106(a) of the Revenue Act of 1926 (26 USCA § 1249 note) provided, "The bar of the statute of limitations against the United States in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability." Such being the situation, the United States having no right to the money so paid, we inquire by what right it retains this illegally collected sum or what statute creates and imposes any new liability upon the taxpayer or precludes it from recovering back the illegally collected sum. We agree with the view of the trial judge and with the holding by the same court in Clinton v. Heiner, 30 F. (2d) 542, that section 611 of the Revenue Act of 1928 (26 USCA § 2611) had no such effect, and consequently the judgment below is affirmed.