830

## BURDEN, SMITH & CO. v. UNITED STATES.

District Court, M. D. Georgia, Macon Division.
November 1, 1928.

No. 54.

Jones, Jones & Johnston, of Macon, Ga., for plaintiff.

Scott Russell, U. S. Atty., of Macon, Ga.

DEAVER, District Judge. The facts in this case are not in dispute, and are contained in an agreed statement of facts. From the statement the following appears: Return (1918 taxes), May 23, 1919; assessment, August 30, 1919; claim in abatement, November 1, 1919; claim for credit, January 28, 1920; claim for credit rejected March 17, 1922; claim for abatement denied April 29, 1922; tax paid August 10, 1925; claim for refund, September 5, 1925; claim for refund denied March 25, 1926; suit filed November 23, 1927.

The five-year period for collection of the tax expired on May 23, 1924. When the tax was paid on August 10, 1925, it was barred, and, if not refunded, was subject to be recovered by the taxpayer. Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676. When the suit was filed on November 23, 1927, the only obstacle, if any, in the way of recovery, was section 1106(a) of the Act of 1926 (26 USCA § 1249 note). By the Act of 1928 (45 Stat. 875) that section was repealed as of the date of its enactment.

By section 506(a), Act of 1928 (26 USCA § 1061), the period for collection was extended to six years after assessment, but that section does not apply to taxes previously barred. See section 278(e), Act of 1926 (26 USCA § 1062). Under section 607, Act of 1928 (26 USCA § 2607), payment after bar is overpayment, and must be refunded.

Judgment in this case should be in favor of the taxpayer, unless prevented by section 611 of the Act of 1928 (26 USCA § 2611). That section is as follows: "If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this Act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection."

Payment after bar is overpayment. Payment of taxes referred to in section 611 (made before or within one year after the enactment of the Act) is not overpayment. Therefore the taxes referred to in that section are taxes which are not barred. The tax in this case was barred when paid, and is still barred, unless the bar was removed by section 611. Therefore, to defeat recovery by the taxpayer, section 611 must be construed so as retroactively to extend the period of limitation for collection of taxes therein referred to.

In the first place, a statute should not be given a retroactive effect, unless from the language used it clearly appears that Congress so intended. There is apparently no logical or equitable reason for extending the time in all cases in which a claim in abatement was filed, and there was a stay, without regard to the length of the stay. Section 611 is not clear in meaning, and should not be construed to remove a bar which had already attached when the tax was paid.

In the second place, even if section 611 was intended to be retroactive, it does not apply to the present case. In this case there was no stay. From the facts stipulated it appears that there was nothing to prevent the commissioner from collecting the tax within the statute of limitation. "Stay" means more than bare failure to act. Section 611 should be construed to refer to a state of facts under which, upon the filing of a claim in abatement, the commissioner was by law or by agreement prohibited from collecting, · or at least was, by some order made or step taken or notice given to the taxpayer, under some sort of obligation not to proceed with the collection.

Upon the agreed facts, and for the reasons above stated, I find for the plaintiff in the sum of $8,196.52, principal, with interest thereon at the rate of 6 per centum per annum from August 10, 1925, to a date preceding the date of the refund by check by not more than 30 days.