## BESSEMER COAL & COKE CO. v. HEINER, Collector of Internal Revenue.

### No. 5642.

District Court, W. D. Pennsylvania.

Nov. 8, 1929.

Smith, Shaw & McClay, of Pittsburgh, Pa., for plaintiff.

John D. Meyer, U. S. Atty., and John M. McCann, Sp. Asst. Atty., both of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

The plaintiff has moved for judgment in this case for want of a sufficient affidavit of defense.

This proceeding is under the Penn. Practice Act (Pa. St. 1920, § 17062 et seq., as amended), and raises the question of the sufficiency of the defense set out by the defendant in his affidavit of defense. This is an action to recover federal income taxes alleged to have been paid after the collection was barred by the statute of limitations.

The defendant, in his affidavit of defense, admits all the allegations in the plaintiff's statement of claim except the bar of the statute of limitations, averring that the tax col-lected by the collector was lawful within the purview of section 611 of the Revenue Act of 1928 (26 USCA § 2611).

As disclosed by the admissions and the allegations of the affidavit of defense, the facts of the case are briefly as follows:

On May 1, 1918, the plaintiff filed its income and profits tax return for the year 1917, showing taxable liability in the sum of $49,129.46, which it paid. On March 26, 1923, the Commissioner of Internal Revenue assessed an additional tax against the plaintiff in the sum of $484,498.70, and on April 1, 1923, demanded payment thereof from plaintiff. On March 28, 1923, the plaintiff filed a claim for the abatement of the additional assessment with the Commissioner of Internal Revenue, who, on the 3d of November, 1923, allowed the claim in abatement for the sum of $261,153.51, and rejected the balance of claim for abatement in the sum of $223,345.15. On April 4, 1924, the defendant demanded payment of this latter amount, accompanying his demands with threats of interest, penalty, and seizure, if payment should not be made within ten days. On April 14, 1924, the plaintiff paid the tax under written protest, for the sole purpose of avoiding penalty, interest, and seizure. At this time, the collection of the tax was barred by the statute of limitations then in force (section 250 (d) Revenue Act of 1921, 42 Stat. 265).

The plaintiff made a written claim for refund in the sum of $223,345.13 paid to the defendant. More than six months have elapsed since the filing of the claim, and the Commissioner has neither allowed nor rejected the claim in whole or in part.

As a defense to this action, the defendant averred by its amended affidavit of defense that the collection of this tax was legalized by section 611 of the Revenue Act of 1928 (26 USCA § 2611), because the tax was assessed prior to June 2, 1924, and a claim in abatement thereof was filed and the collection thereof stayed.

These facts do not present any defense to the instant suit. Under the statute of limitations in force at the time the tax was paid, April 14, 1924, not only was the collection of the tax barred, but the liability of the plaintiff to pay this tax was extinguished. Section 611 of the Revenue Act of 1928 (26 USCA § 2611) can only be made to apply to the instant case by giving it a retroactive effect. This should only be done when the legislative purpose to do so plainly appears. United

States v. Magnolia Co., 276 U. S. 160, 162, 48 S. Ct. 236, 72 L. Ed. 509; Russell v. U. S., 278 U. S. 181, 187, 49 S. Ct. 121, 73 L. Ed. 255. There are no words in the act which can clearly be construed as a ratification of the collection of a tax which was barred by the statute of limitations at the time it was paid.

The views as here expressed are in accord with the views of Judge Gibson of this court in Clinton Iron & Steel Co. v. Heiner (D. C.) 30 F.(2d) 542; those of Judge McVicar of this court in Erie Coal & Coke Co. v. Heiner (D. C.) 33 F.(2d) 135; and those of Judge Deaver of the District Court for the Middle District of Georgia, in Burden, Smith & Co. v. U. S. (D. C.) 32 F.(2d) 830, 831.

We pass no opinion upon the question of whether or not the facts set out in the amended affidavit of defense show that the collection of this tax was stayed because, as we have stated, the act of 1928 can have no retroactive effect to apply to a case where the collection of the tax was barred by the statute of limitations at the time it was collected.

The motion of the plaintiff for judgment for want of a sufficient affidavit of defense must be granted. An order for judgment may be submitted accordingly.