## NEULAND v. BOWERS, Collector of Internal Revenue.

District Court, S. D. New York.
March 7, 1930.

Richards S. Holmes, of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for defendant.

THACHER, District Judge (after stating the facts as above).

Two questions are presented upon this motion: First, whether upon the facts alleged section 611 of the Revenue Act of 1928 (26 USCA § 2611) deprives the taxpayer of the right to predicate recovery upon section 607 of the same act (26 USCA § 2607); and, second, whether the claim of refund required by Rev. St. § 3226, as amended (26 USCA § 156), and the Regulations adopted pursuant thereto (Treasury Regulations 69, art. 1304) was in such form as to permit recovery, under section 607 of the Act of 1928, of taxes paid after the expiration of the period of limitation.

Section 607 of the Revenue Act of 1928 (26 USCA § 2607) reads as follows:

"Sec. 607. *Effect of Expiration of Period of Limitation against United States.*

"Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after May 29, 1928) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim. (May 29, 1928, 8:00 a. m., c. 852, § 607, 45 Stat. 874.)"

Section 611 of the same act (26 USCA § 2611) reads as follows:

"Sec. 611. *Collections Stayed by Claim in Abatement.*

"If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after May 29, 1928) shall not be considered as an overpayment under the provisions of section 2607, relating to payments made after the expiration of the period of limitation on assessment and collection. (May 29, 1928, 8:00 a. m., c. 852, § 611, 45 Stat. 875.)"

In behalf of the plaintiff it is contended that section 611 can have no application because, conceding the taxes to have been assessed within the time limited by law, and conceding that a claim in abatement was thereafter filed, it cannot be said that the collection of any part of the tax "was stayed," because the right to collect was barred before claim in abatement was filed. Passing the point that section 611 is not retroactive in its effect, see Bessemer Coal & Coke Co. v. Heiner (D. C. Western Dist. Pa., November 8, 1929) 39 F.(2d) 492, and adopting, as I think one must, the meaning given in Goodcell v. Graham, 35 F.(2d) 586, (C. C. A. 9), to the word "stayed" as used in section 611, which broadly covers any voluntary delay of collection pending consideration and determination of the claim in abatement, as opposed to the more narrow

interpretation adopted in U. S. v. Burden, Smith & Co. (C. C. A.) 33 F.(2d) 229, which covers only involuntary compulsory and legal restraints on collection, question remains whether "collection" can be regarded as "stayed" by the filing of a claim of abatement after the right to collect has expired.

Section 611 (26 USCA § 2611) contemplates something more than the mere filing of a claim of abatement. Unless collection is stayed, the section can have no application. Nothing of the kind has occurred in this case because when the right to collect expired there was nothing left to stay. Defendant's contention seems to be not that collection was stayed, but that the right to collect was revived by the filing of a claim in abatement. But the application of section 611 does not depend upon waiver of the statutory bar, but, among other things, upon a stay of the right to make collection. Collection having been completely barred by statute before the abatement claim was filed, section 611 does not prevent recovery of the overpayment of taxes under section 607.

■ Coming to the second question, it is contended that the right to recover under section 611 is conditioned upon compliance with Rev. St. § 3226, as amended (26 USCA § 156). Under that section a claim for refund or credit must be filed with the Commissioner of Internal Revenue before suit is instituted. The Regulations in force when the claim for refund was filed required that claim be made upon form 843 and that all facts relied upon in support of the claim be clearly set forth in detail under oath. The claim for refund was on form 843, and it did set forth on oath the facts on which the right of recovery is now predicated. The taxpayer's statement of his claim disclosed that his return for the year 1915 was filed in the year 1917, and that he was not notified until more than five years thereafter of the additional assessment, whereupon he gave bond and filed claim for abatement, and that thereafter he was required to pay, and did pay, the taxes here in question under protest.

In behalf of the defendant it is insisted that this was not enough, because the basis of the right to recover which is now asserted—i. e., payment after expiration of the period of limitation—was not set forth as the basis of his claim. This is hardly to be wondered at, since the right which is now asserted is predicated upon section 607 of the Revenue Act of May 29, 1928 (26 USCA § 2607), which was not enacted until long after the application for refund was made. Since section 607 was in terms made retroactive, the failure of the taxpayer, in making a claim for refund in December, 1926, to expressly predicate his rights upon the provisions of this statute, cannot prevent its intended application to the facts which he did clearly state at that time.

The situation is an anomalous one, resulting from the retroactive effect of section 607 of the 1928 statute upon conditions precedent to suit imposed by Rev. St. § 3226. Fortunately there is no difficulty in this case, for, perhaps by accident, the taxpayer did state the facts as required by the Regulation then in force upon which he now predicates his right to recover under the statute subsequently enacted. In view of this situation, decision may rest upon the peculiar state of facts here presented, without attempt to resolve the conflict which will be found in the authorities as to the requisites of a written claim for refund under Rev. St. § 3226, as amended, and the Regulations thereunder. In this case it was certainly enough to state the facts, because the law was of later enactment and was retroactive in its effect.

It follows that the motion to dismiss the complaint must be denied.