## NATIONAL PAPER PRODUCTS CO. v. UNITED STATES.

### No. 9185.

Circuit Court of Appeals, Ninth Circuit.
Feb. 8, 1940.

John Francis Neylan and J. Paul Miller, both of San Francisco, Cal., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Warren F. Wattles, and Milford S. Zimmerman, Sp. Assts. to Atty. Gen., and Frank J. Hennessy, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

The predecessor of appellant herein made its return of income and excess profits taxes for the year ending September 30, 1917, and paid the tax so reported. Thereafter it executed an unlimited waiver extending the time within which an additional assessment might be made. On April 11, 1923, the Commissioner of Internal Revenue made his order with respect to all unlimited waivers of the class filed by appellant, fixing their expiration date at April 1, 1924.

On February 28, 1924, a notice of deficiency in the 1917 taxes was given appellant, and appellant protested the proposed deficiency. On March 9, 1924, appellant telegraphed the Commissioner asking for an oral hearing on the protest. On March 15, 1924, appellant's representative telegraphed the Commissioner again, suggesting April 9, 1924 as the date of hearing. Another telegram, dated March 17, 1924, was sent by appellant's representative to the Commissioner, requesting "in interest of justice and equity" that the Commissioner "issue the necessary order for withholding collection of assessments until hearing at Washington". It was further stated in the telegram that the "Government cannot be injured" thereby and that the suggested course would "simply accord to taxpayer opportunity to avoid additional waste of money in litigation". The Commissioner proceeded to assess the additional taxes for 1917 and at the same time telegraphed the Collector at San Francisco to entertain a claim in abatement, and he advised appellant that he had done so. This was on March 19, 1924. A hearing was held at Washington, on or about April 9, 1924, as requested. The appellant appeared, submitted information and secured time to submit further data. Briefs were filed in August and in October, 1924, and a second hearing or conference was held in Washington in October, 1926. A claim in abatement was filed by appellant some time in 1924, but the date of filing is in dispute. The Commissioner's decision was given on April 9, 1927, conceding part of the appellant's contentions, and allowing the claim in abatement to the extent of $18,596.68. On April 20, 1927, the appellant waived its right to appeal to the Board of Tax Appeals, and on August 4, 1927 appellant paid the remaining and unrebated portion of the assessment, in the sum of $60,616.56.

In May, 1930, appellant filed its claim for refund of said taxes on the ground that collection was barred after April 1, 1924, and that no abatement claim was filed until May, 1924. It is appellant's contention in this connection that since the claim

in abatement was filed after the collection was barred, Section 611 of the Revenue Act of 1928, c. 862, 45 Stat. 791, 875, 26 U.S.C.A. § 2611,[1] could not extend the period for collection.

It should be noted at this point that the Government contends, and the District Court found, that the claim in abatement was filed on March 28, 1924, in San Francisco, California, which of course was prior to April 1, 1924, the expiration date of the waiver given by the appellant. However, in the view that we take of the case, the exact filing date becomes immaterial.

It is appellant's contention that a claim in abatement, in order to "stay" collection, must be filed prior to the expiration of the statutory period. The theory is that if a tax has been barred by the running of the Statute, there is nothing to "stay". This was the holding of the District Court of the Southern District of New York in Neuland v. Bowers, 1930, 38 F.2d 842.

We do not believe that the Neuland case correctly states the law, but that the case of Vanderlip v. United States, Ct.Cl., 1934, 6 F.Supp. 965 contains the better reasoning.

The facts of the Vanderlip case are analogous to ours. An unlimited waiver, expiring on April 1, 1924, had been filed by the taxpayer's attorney-in-fact. One of the taxpayer's contentions was that this waiver was invalid because it was unauthorized by the taxpayer. The claim in abatement was filed on April 26, 1923 (before the expiration of the waiver, if valid) but taxpayer contended that since the waiver was invalid, the claim in abatement was filed subsequent to the running of the period of limitation. It was therefore argued that Section 611 of the Revenue Act of 1928 would not apply, which is the argument of the appellant in the instant case. Chief Justice Booth of the Court of Claims, in his opinion, ruled that the waiver was valid and that the taxpayer would not be permitted to deny its validity since he had accepted the benefits flowing from it and thereby had ratified it. A concurring opinion was given by Judge Littleton in which Judge Green and Chief Justice Booth concurred. A comprehensive discussion of the legislative history of Section 611 is given in this concurring opinion, after which it is stated (pages 970, 971 of 6 F.Supp.):

"Plaintiff construes the section as applying solely to cases where timely collection was not made because of the filing of a claim in abatement before the expiration of the statutory period for collection. But this construction seems to be too narrow. The language of the section discloses a purpose to withdraw the defense of the statute of limitation with respect to collection of a tax not in excess of the amount due in those cases where the department delayed collection in order that the taxpayer might receive the benefit, through an abatement claim, of a full and thorough consideration of the case before being required to make payment. I think a proper construction of the section does not require the holding that collection within the statutory limitation period must have been stayed by an abatement claim previously filed. Congress recognized that in those cases where assessment of a tax had been made without previously giving notice thereof and affording the taxpayer an opportunity for a hearing collection was withheld in order that the taxpayer might have consideration of the case after a hearing on an abatement claim and appeal. It also knew that in a great many cases the assessment was made very near the last day of the period of limitation; that it was the practice to allow at least ten days after assessment for the filing of an abatement claim and that this time was frequently extended. I think it is clear therefore that the word 'stayed' was used in the sense of delayed or postponed, and had reference to a stay before, as well as after, the filing of the abatement claim. This seems clear enough from the fact, as disclosed in the committee reports, that the primary purpose of the section was to validate collections made after the expiration of the applicable period of limitation because of the erroneous view consistently

---

[1] Section 611 of the Revenue Act of 1928 reads: "If any internal-revenue tax * * * was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this Act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection."

followed by the department, that such limitation did not apply to collection where timely assessment had been made."

It will be recalled that the "stay" in this case was at the request of appellant's attorneys, contained in their telegram of March 17, 1924. Much is made in appellant's brief of the fact that this telegram was dated prior to the date of the assessment, the argument being that there could be no "stay" of an assessment not yet made. Nevertheless the fact remains that the collection of the assessment was delayed, at appellant's request, in order to allow the appellant a hearing on its claim in abatement, which was subsequently filed. We believe that the case falls within both the letter and the spirit of Section 611, and that the defense of the statute of limitations is not available to the appellant.

The decision of the District Court is affirmed.