## KEITH et al. v. WOODWORTH.

### No. 8379.

Circuit Court of Appeals, Sixth Circuit.

Dec. 11, 1940.

R. M. O'Hara, of Detroit, Mich., for appellants.

Carlton Fox, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Courtnay C. Hamilton, and Leon F. Cooper, Sp. Assts. to Atty. Gen. and John C. Lehr and J. Thomas Smith, both of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from a judgment of no cause of action against appellants on their petition for refund of taxes alleged to have been illegally collected. Jury trial was waived, and the court rendered judgment in favor of the appellee upon the ground that appellants were barred from recovery by § 611 of the Revenue Act of 1928, 45 Stat. 791, 26 U.S.C.A. Int.Rev.Acts, page 461, and were not proper parties to maintain the suit.

The facts are stipulated and neither the amount nor the legality of the assessment is questioned. The stipulation in substance shows that Detroit Pressed Steel Company, a Michigan corporation, hereinafter called the Michigan corporation, was organized in 1909, and suspended business in 1919, having given the notice of change of attitude required by the statutes of that state on September 29, 1919. Detroit Pressed Steel Company, a Delaware corporation, hereinafter called the Delaware corporation, was organized in 1919 for the purpose of taking over all the assets and liabilities of the Michigan corporation. Common stock of the Delaware corporation was issued to the shareholders of the Michigan corporation in proportion to their common stock. Each holder of preferred stock received eight dollars in cash and accrued dividends and one share of the preferred stock of the Delaware corporation for each share of preferred stock of the Michigan corporation. Later the Delaware corporation became insolvent, and appellants were duly appointed receiver and ancillary receiver thereof. The Delaware corporation was dissolved December 18, 1924. Under court authority this refund action was instituted, arising out of the following facts:

In 1923 the Commissioner determined a deficiency against the Michigan corporation and assessed against it additional taxes for the year 1917 in the amount of $101,180.90. Notice of this deficiency was mailed to "Detroit Pressed Steel Company, 6660 Mt. Elliot Avenue, Detroit, Michigan," which was the office address of both the Michigan and Delaware corporations during the period of their corporate activities. The statutory period of five years from date of filing the Michigan corporation's tax return for 1917 expired March 30, 1923. § 250 (d), Revenue Act of 1921, 42 Stat. 227, 265. An assessment of the amount determined as deficiency and underpayment of taxes was made March 24, 1923, and notice and demand for payment thereof was mailed by appellee March 29, 1923. A claim for abatement executed on behalf of Detroit Pressed Steel Company by the assistant treasurer of the Delaware corporation was filed April 6, 1923. On May 23, 1924, the Commissioner notified Detroit Pressed Steel Company, De-

troit, Michigan, that he had allowed the claim for abatement for $35,386.86, and rejected it for $65,794.04. A certificate of over-assessment was issued, and notice and demand were made for payment of the $65,794.04 with interest.

In May, 1923, the Delaware corporation sold most of its assets to Midland Steel Products Company, hereinafter called Midland, receiving therefor preferred stock of Midland, while Midland assumed certain of the liabilities of the Delaware corporation, including income and excess profits taxes up to $155,000. Midland issued its check in payment of the assessment, although the Delaware corporation, which was not then in liquidation, had unincumbered assets of value in excess of the amount of the check. The secretary of the Delaware corporation delivered Midland's check to the collector October 2, 1924, and received a receipt therefor in the name of Detroit Pressed Steel Company. The Michigan corporation was not dissolved until subsequent to the payment of the tax.

We think the District Court erred in its conclusion that appellants are barred from recovery by § 611 of the Revenue Act of 1928. This section, with its cognate § 607, 26 U.S.C.A. Int.Rev.Acts, page 459, read as follows:

§ 611. "If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this Act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection."

§ 607. "Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this Act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

The question is whether within the meaning of the enactment there was a stay of the collection of the tax. The assessment was made within the statutory limitation and prior to June 2, 1924. The claim of abatement was filed and the tax was paid within one year after the enactment of the Act. But the claim was filed after the statute had run. If the Commissioner delayed action in consequence of the claim in abatement, and if this delay constitutes the stay contemplated by § 611, then the payment could not be considered overpayment, and recovery could not be had. Appellants contend that § 611 does not apply where, as here, the claim in abatement was filed after the statute of limitations had run and when the tax was not collectible. Neuland v. Bowers, D.C., 38 F.2d 842, 844. Cf. Imhoff-Berg Silk Dyeing Co. v. United States, D. C., 43 F.2d 836.

We think that this view of the statute is correct. When the right to collect expired on March 30, 1923, there was no right of collection left for the Commissioner to stay. The filing of the claim in abatement did not recreate the right, and hence there was no stay, and § 611 does not apply. In the cases cited by appellee as supporting a contrary conclusion, waivers had been filed prior to the running of the limitation, and the period of assessment and collection had been extended so that the right was in effect when the claim in abatement was filed. Graham and Foster v. Goodcell, 282 U.S. 409, page 423, 51 S.Ct. 186, page 191, 75 L.Ed. 415, relied upon by appellee, points out that the claim had been filed before the statute of limitations expired and significantly adds that "There is room for the inference that, had it not been for this delay the tax would have been collected before the statute ran." Appellant is not barred from recovery by § 611.

However, the judgment must be affirmed upon the ground that appellants are not proper parties to maintain the refund suit. The ruling of the District Court upon this point was based upon the conclusion that the assessment was against the Michigan corporation, and the payment was by Midland, and that receivers of the Delaware corporation could not therefore bring the action. Appellants contend (1) that owing to the transfer of assets from the Michigan corporation to the Delaware corporation, the latter became taxpayer by operation of law with reference to the 1917 return of the Michigan corporation; that the taxes were assessed against the Delaware corporation and paid by it, and (2) if the assessment was against the Michigan cor-

poration, the Delaware corporation as transferee was liable for the tax and paid it. We think that neither of these contentions is sustained by the record and the applicable law. The assessment was made against the Michigan corporation, and not against the Delaware corporation. It is clear that the Commissioner, in determining the deficiency, was proceeding against the Michigan corporation because the tax assessed against that corporation was the only one in controversy. It was for a liability accruing in 1917, prior to the organization of the Delaware corporation. Cf. Ohio Locomotive Crane Co. v. Denman, 6 Cir., 73 F.2d 408, 410. While notice of change of attitude was filed by the Michigan corporation because of "total suspension of business, and sale of its property," this was not, as assumed by appellants, a notice of dissolution. At that time in Michigan dissolution could be effected only by decree of the chancery court, and no such decree is presented. § 13563 and § 13564, Comp.Laws of Michigan, 1915. Moreover, no merger or consolidation existed. The Michigan statute did not then authorize merger or consolidation, and hence no consolidation was possible. § 11-350, § 11351, Comp.Laws of Michigan, 1915; Pingree v. Michigan Central R. Co., 118 Mich. 314, 336, 76 N.W. 635, 53 L.R.A. 274. The Michigan corporation in fact existed until after the payment of the amount in controversy. Hence the Delaware corporation did not become liable for the taxes of the Michigan corporation by operation of law.

■■ Upon the point that the Delaware corporation was liable as transferee to pay the tax assessed against the Michigan corporation, it appears that the statute establishing transferee liability was not enacted until 1926, and therefore at the time of this transaction the Delaware corporation could not be liable upon this theory. § 280, Revenue Act of 1926, 44 Stat. 9, 26 U.S.C.A. Int.Rev.Acts, page 212. Moreover, the appellants upon whom the burden of proof rests, have not shown that the corporations were identical. The Delaware corporation had no par common stock. The par value of the Michigan corporation common stock is not shown. A cash payment of eight dollars per share was made to each of the holders of the preferred stock of the Michigan corporation, in addition to an even exchange of stock. Hence the Delaware corporation is not shown to have had the same corporate structure as the Michigan corporation.

The Delaware corporation did not owe the tax of the Michigan corporation. If it had paid the tax it could not recover. Clift & Goodrich, Inc. v. United States, 2 Cir., 56 F.2d 751; Stahmann v. Vidal, 305 U.S. 61, 64, 59 S.Ct. 41, 83 L.Ed. 41. However, although the Delaware corporation had in its possession at the time more than the amount necessary to pay the deficiency assessment, the tax was not collected from the Delaware corporation, nor paid with its funds. It was paid by Midland. Obviously the receivers of the Delaware corporation cannot recover the payment made by another corporation of the tax assessed against a third corporation. Ohio Locomotive Crane Co. v. Denman, supra.

The judgment is affirmed.