Austin COTTER d/b/a Cotter Bros. Glass Co., Plaintiff,

v.

Heber D. LUCKENBILL, Defendant.

Civ. No. 1712.

United States District Court S. D. Illinois, S. D.

Oct. 8, 1954.

**274**

J. Michael O'Byrne, Reno & O'Byrne, Champaign, Ill., for plaintiff.

John B. Stoddart, Jr., U. S. Atty., Marks Alexander, Asst. U. S. Atty., Springfield, Ill., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Frank J. Ready, Sp. Assts. to the Atty. Gen., for the defendant.

BRIGGLE, Chief Judge.

This is a proceeding in which the plaintiff seeks to recover from the defendant, a former Collector of Internal Revenue, certain taxes alleged to have been erroneously or illegally exacted during the defendant's term of office as such Collector. Process issued out of the Court and was served personally upon the defendant Luckenbill, commanding him to answer the Complaint within 20 days after such service. The United States Attorney has appeared specially and moved to quash the sum-

mons and service on the theory that this is in effect a proceeding against the United States and the process has been improperly issued and served.

Rule 4 of the Rules of Civil Procedure, 28 U.S.C.A., deals with the issuance and service of process and Subsection (4) of Paragraph (d) of such rules provides service shall be, as follows:

"(4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought or to an assistant United States Attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered mail to the Attorney General of the United States at Washington, District of Columbia, * * *."

Sub-section (5) of such Rules provides, as follows:

"(5) Upon an officer or agency of the United States, by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency. * * *"

Rule 12 of the Rules of Civil Procedure provides, as follows, in reference to defenses and objections,

"(a) * * * A defendant shall serve his answer within 20 days after the service of the summons and complaint upon him, * * *. The United States or an officer or agency thereof shall serve an answer to the complaint * * * within 60 days after the service upon the United States Attorney of the pleading in which the claim is asserted. * * *"

Rule 81 provides, among other things, as follows:

* * * * * *

"(f) [as added December 27, 1946] * * * Under any rule in

which reference is made to an officer or agency of the United States, the term 'officer' includes a collector of internal revenue, a former collector of internal revenue, or the personal representative of a deceased collector of internal revenue."

A study of the complaint together with a proper construction of the applicable rules makes it obvious that the cause of action sought to be enforced here is one against an "officer" of the United States as that term is used in the Rules, and that process must issue and service be had in accordance with the rules for service against an officer of the United States. This question was given very careful and thorough consideration by the advisory committee on rules at the time of their adoption. The Honorable William D. Mitchell, former Attorney General of the United States and Chairman of such advisory committee, in discussing the matter at a meeting of the American Bar Association stated:

"we have opposed the principle of making special provisions for the United States, on the ground that it destroys the uniformity of the rules, * * *. Nevertheless, there are good reasons why some special provisions should be made for the United States. For example, we have given the United States sixty days instead of the usual twenty days in which to answer a complaint. Everyone familiar with government operations knows that, because of the size of the operations, it requires more time for an action to be brought to the attention of the government and reach the proper department for preparation of the information necessary for an answer, than private litigants require."

He thus ably demonstrates the reasons for granting the United States more than 20 days to plead or answer in any proceeding against the government as well as the reason for the rule defining the manner of service upon the government. Except for the manner of service, the Government might conceivably be confronted with an attempt on the part of a taxpayer after final judgment against the Collector to collect money from the Government without the Government ever having had any notice of such proceeding. We may assume, of course, that the Collector ordinarily would notify the Government of any suit against him, but there would be the chance of collusion between the taxpayer and the collector, and always the chance that the collector would disregard the summons altogether, particularly one who has ceased to be the collector. The complaint here is clearly one seeking to recover on account of the official act of the defendant, and in my judgment process should issue and be served in the manner provided for process against the Government.

For the reasons stated, the Motion to Quash Service and Process is allowed. Upon motion of Plaintiff alias summons ordered to issue.