INDEPENDENT FISH COMPANY, Inc.

v.

Robert L. PHINNEY, District Director of
Internal Revenue.

Henry J. ALEXANDER et al.

v.

Robert L. PHINNEY, District Director of
Internal Revenue.

Civ. A. Nos. 1565, 1571.

United States District Court
W. D. Texas,
Austin Division.

March 31, 1966.

Eli Mayfield, Palacios, Tex., Joseph J. Lyman, Washington, D. C., for plaintiffs.

Ernest Morgan, U. S. Atty., San Antonio, Tex., Robert L. Waters, Tax Div., Dept. of Justice, Fort Worth, Tex., Stanley F. Krysa, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

SPEARS, Chief Judge.

Plaintiffs filed these actions asserting a claim for refund of federal unemployment taxes erroneously paid. The defendant now moves the Court to transfer these actions to the Brownsville Division of the Southern District of Texas, citing in support thereof Sections 1391 (e) and 1404(a) of Title 28, United States Code. For the reasons hereinafter set forth, the defendant's motion is granted.

Section 1404(a) of Title 28, United States Code, provides that:

"(f)or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In interpreting that Section, the Supreme Court in Hoffman v. Blaski (1960) 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254, held that a district "where (the action) might have been brought" within the provisions of Section 1404(a) is one in which upon commencement of the suit the plaintiff has a right to sue independently of the wishes of the defendant. If he does not have that right independently of the wishes of the defendant, the district to which the defendant desires the case to be transferred does not fall within the meaning of Section 1404(a), and it is immaterial that the defendant may subsequently make himself subject by consent, waiver of venue or otherwise, to the jurisdiction of some other forum.

In Farnsworth & Chambers Company, Inc. v. Phinney (5th Cir. 1962) 297 F.2d 681, the Court, in construing the law as it then existed, considered whether the Houston Division of the Southern District of Texas was a district "where (the action) might have been brought" against the District Director, and thus a district to which the cause might be transferred upon motion of the District Director under the provisions of Section 1404(a). It pointed out the distinction between a suit against the District Director, as an individual, for the recovery of taxes erroneously paid, in which case venue lies only at the legal residence of the Director, and a suit against the United States, in which venue lies at the place of the principal business or residence of the taxpayer. Since the plaintiff had chosen to sue the District Director, the Court denied the motion of the Director for change of venue upon the authority of Hoffman v. Blaski (supra), holding that the case could not be transferred to a district where venue would properly lie if the suit had named the United States rather than the District Director as defendant. The Court observed "that at a time when Congress could most appropriately * * * have either combined the two actions or have abolished the right to sue the Collector [of Internal Revenue] (when the proposal was before Congress in 1954), it

did neither but left both of them intact, each having the attributes which by then inhered in it."

However, in October, 1962, some nine months after the decision in *Farnsworth*, Section 1391 of Title 28, United States Code, was amended by the enactment of subsection (e) which provides that:

"A civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any judicial district in which: (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action. The summons and complaint in such an action shall be served as provided by the Federal Rules of Civil Procedure except that the delivery of the summons and complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district in which the action is brought."

■ The enactment of this subsection, in this Court's opinion, enlarges the venue provisions with respect to actions against District Directors of Internal Revenue. A plaintiff now has the right, independently of the wishes of the defendant, to commence his suit in the district in which the plaintiff resides, if no real property is involved in the action, as well as in the district in which the defendant resides. Therefore, a motion for a change of venue to the district where the plaintiff resides or conducts his business may properly be considered by the Court.[1]

■ Plaintiffs argue that a suit against a District Director is personal in nature,[2] is a suit against the Director as an individual and not in his official capacity or under color of legal authority of the United States, and, therefore does not come within the provisions of Section 1391(e). This Court cannot agree with that proposition. While it is true that the suit itself is against the Director in his individual capacity, the fact remains that the action is one to recover taxes allegedly erroneously collected by the Director as an officer of the United States, acting in his official capacity, and, as such, is an action properly within the provisions of Section 1391(e), which permit the original commencement of the

[1]. In this connection, see Rule 81(f), Federal Rules of Civil Procedure, which provides that "[u]nder any rule (of the Federal Rules of Civil Procedure) in which reference is made to an officer or agency of the United States, the term 'officer' includes a district director of internal revenue, a former district director or collector of internal revenue, or the personal representative of a deceased district director or collector of internal revenue."

[2]. It is well settled that an action against a District Director for refund of taxes wrongfully collected is personal in nature and does not abate upon expiration of the term of the District Director, upon resignation, or upon his death. Once the action is commenced, in the event of death, his personal representative may be substituted as the defendant. Although the District Director or his personal representative remains liable, his successor in office is not liable for his predecessor's "misconduct". When the judgment is entered against the defendant, the United States remains a stranger to the suit. However, execution will not ordinarily be awarded against the District Director personally. When the Court certifies that probable cause existed for the actions of the District Director in collecting the taxes or that he acted under the direction of the Secretary of the Treasury or other proper government officer, the amount of the judgment is paid out of the Treasury. The personal nature of the action derives from the common law action of indebitatus assumpsit under the conception that the Collector was personally responsible for illegally collecting monies under the claim that they were due as taxes. See Sage v. United States (1919) 250 U.S. 33, 39 S.Ct. 415, 63 L.Ed. 828; Buhl v. Menninger (6th Cir. 1958) 251 F.2d 659; Mertens, The Law of Federal Income Taxation, 1964, Volume 10, Section 58A.28, page 82.

suit in the district in which the plaintiff resides.[3]

The individual and corporate plaintiffs in both causes of action reside and do business in the Brownsville Division of the Southern District. The witnesses allegedly are numerous and reside in the Brownsville, Texas area. All the transactions and events with which this case is concerned took place in Brownsville. The suit was filed in the Austin Division of the Western District of Texas, the residence of the District Director, where the original tax returns in question had been filed. The Court, therefore, finds that it will better suit the convenience of the parties and witnesses and it is in the interest of justice that this cause be transferred to the Southern District of Texas, Brownsville Division.

An order granting the motion has been entered.

---

3. See Mertens, The Law of Federal Income Taxation, 1964, Volume 10, Section 58A.29, pages 88–89; and Cotter v. Luckenbill (S.D.Ill.1954) 16 F.R.D. 273.