The VALLEY NATIONAL BANK, a corporation, Appellant,

v.

Ronald J. PORTER, former District Director, Internal Revenue Service; Fred R. Couch, Revenue Officer, Internal Revenue Service; and Robert J. Lanham, Revenue Officer, Internal Revenue Service, Appellees.

No. 82–1667.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1983.

Decided May 9, 1983.

**1028**

Edwin N. McIntosh, John D. Shors, Des Moines, Iowa, for appellant, Valley Nat. Bank; Davis, Hockenberg, Wine, Brown & Koehn, Des Moines, Iowa, of counsel.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, John A. Dudeck, Jr., Attorneys Tax Division, Dept. of Justice, Washington, D.C., for appellees; Richard C. Turner, U.S. Atty., Des Moines, Iowa, of counsel.

Before LAY, Chief Judge, and BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

During 1975 and 1976 plaintiff-appellant, Valley National Bank, made loans in excess of $100,000 to Van Dyck Heating and Air Conditioning, Inc., a corporation owned by Shirley Horn and operated by her husband, Kenneth Horn. The bank obtained and perfected a security interest in all accounts, contract rights and chattel paper, including third-party checks payable to the corporation. Thereafter, Van Dyck's business gradually declined and the bank's loan was declared in default in April of 1976. Nevertheless, appellant bank allowed Van Dyck to continue operating as a separate commercial entity until September 1976 when the Horns voluntarily relinquished the business and assigned all accounts to the bank.

Defendant-appellee, Donald Porter, was the District Director of the Internal Revenue Service in Des Moines, Iowa, in 1976. Revenue officers Fred Couch and Robert Lanham were assigned to the Des Moines district at that time. In late 1975 and early 1976 officer Couch contacted Kenneth Horn in regard to Van Dyck's slowness in making its federal employment tax payments, and advised Horn that because of the potential civil and criminal consequences of failing to make timely tax payments, Horn should pay the tax liabilities before other creditors. Apparently, because of Van Dyck's cash flow problems and in order to avoid writing corporate checks to the IRS which were not covered by sufficient funds in the corporation's bank account, Kenneth Horn endorsed checks received from customers on account directly to the IRS. Thus, from May 1976 until September 1976 Van Dyck made tax payments of $32,237.19 in the form of twenty-five third-party checks which were accepted for the IRS by either officer Couch or officer Lanham. Because, pursuant to IRS policy, Van Dyck's tax account was not classified as "delinquent," i.e., failure to remit any tax and respond to several deficiency notices, a search of the records for pre-existing security interests was not undertaken.

In 1979 plaintiff-appellant Valley National Bank initiated an action against IRS Director Porter, officer Couch and officer Lanham in Iowa state court alleging that the defendants wrongfully converted the third-party checks which were subject to the bank's perfected security interest. Defendants joined in removing the case to federal district court pursuant to 28 U.S.C. § 1442(a)(1) (1976).[1] Trial on the suit

---

1. On May 9, 1980, Chief Judge Stuart, United States District Court for the Southern District of Iowa, dismissed the action as to officers Couch and Lanham on the grounds of their absolute immunity from suit for acts committed within the scope of their official duties.

against defendant IRS Director Porter was held on January 15, 1982, with the parties stipulating that the only issues were (1) whether or not the court had jurisdiction over the suit against Porter and (2) whether or not under Iowa law the IRS could take the Van Dyck third-party checks free of the bank's perfected security interest under the holder in due course doctrine, i.e., whether the IRS gave value and acted in good faith and without notice. *See* Iowa Code Ann. § 554.3302 (West 1967).

The district court[2] held that it had subject matter jurisdiction on the bank's claim against Porter "by virtue of the legal fiction which provides that actions such as the one at bar can be litigated against the individual tax official despite the fact that the judgment sought might be paid from the United States Treasury." *Valley National Bank v. Porter,* No. 79–322–C, slip op. at 2, 4 (S.D.Iowa Feb. 26, 1982) (ruling and order). *See Valley National Bank v. Porter,* No. 79–322–C, slip op. at 2–5 (S.D.Iowa May 9, 1980) (order).[3] The court also held that because the IRS took the third-party checks from Van Dyck in good faith and without notice of the bank's security interests, it was a holder in due course and the bank's conversion action must fail. *Valley National Bank v. Porter, supra,* slip op. at 12 (February 26, 1982 ruling and order).[4] On appeal the bank primarily contends that the district court erred in finding that the appellee was a holder in due course in that the evidence showed that IRS officers acted in bad faith and that under the totality of the circumstances they must be viewed as

having notice of appellant's security interest.[5]

■ Under the holder in due course doctrine, "good faith" is defined as "honesty in fact in the conduct or transaction concerned." Iowa Code Ann. § 554.1201(19) (West 1967). This has been construed as requiring only honesty of intent measured under a subjective standard. *See Farmer's Co-op Elevator, Inc. v. State Bank,* 236 N.W.2d 674, 678 (Iowa 1975); *Eldon's Super Fresh Stores, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 296 Minn. 130, 207 N.W.2d 282, 287 (Minn.1973). Mere negligence or knowledge of suspicious circumstances is not sufficient to show bad faith. *See id.; McCook County National Bank v. Compton,* 558 F.2d 871, 876 (8th Cir.), *cert. denied,* 434 U.S. 905, 98 S.Ct. 302, 54 L.Ed.2d 191 (1977); *see also Hess v. Iowa Banker's Mortgage Co.,* 198 Iowa 1365, 201 N.W. 91, 92 (Iowa 1924). The definition of notice pertinent to the instant case is that a person has notice of a claim if "from all the facts and circumstances known to him at the time in question he has reason to know that it exists." Iowa Code Ann. § 554.-1201(25) (West 1967). This is essentially an objective test of what a reasonable person in the holder's position would know, *see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. City National Bank of Detroit,* 628 F.2d 969, 970 (6th Cir.1980), and the issue has been phrased as whether a holder had "actual knowledge of facts from which it could reasonably infer the probable existence of the * * * claim?" *Eldon Super Fresh Stores v. Merrill Lynch, supra,* 207 N.W.2d at 288.

See *Valley National Bank v. Porter,* No. 79–322–C, slip op. at 20 (S.D.Iowa May 9, 1980) (unpublished order).

**2.** The Honorable W.C. Stuart, Chief Judge, United States District Court for the Southern District of Iowa.

**3.** *See, e.g., Sage v. United States,* 250 U.S. 33, 37, 39 S.Ct. 415, 416, 63 L.Ed. 828 (1919) (suits against collector for taxes wrongfully collected); *United States v. Kales,* 314 U.S. 186, 197–200, 62 S.Ct. 214, 219–21, 86 L.Ed. 132 (1941) (same); *Stuart v. Chinese Chamber of Commerce of Phoenix,* 168 F.2d 709, 712–14 (9th Cir.1948) (extends suits against collector to

cases where third parties seek recovery of their property wrongfully obtained by the revenue officer from a taxpayer); *Transamerica Ins. Co. v. Long,* 318 F.Supp. 156, 159 (W.D.Pa.1970) (same).

**4.** The district court denied plaintiff-appellant's motion to amend judgment on May 6, 1982. *Valley National Bank v. Porter,* No. 79–322–C (S.D.Iowa May 6, 1982).

**5.** Appellant does not maintain that the IRS officers had actual notice of its security interest, but argue that they had constructive notice.

The district court applied the foregoing principles to the evidence in the present case and concluded that: (1) the defendant had proved that the IRS agents acted in subjective good faith in accepting the third-party checks, *Valley National Bank v. Porter, supra,* slip op. at 9 (Feb. 26, 1982), and (2) "[w]hen considered in the aggregate, the 'suspicious' circumstances cited by plaintiff could not have reasonably afforded [the defendant] constructive notice that the third-party checks * * * represented secured proceeds." *Id.* at 11. We have carefully considered the arguments, evidence and district court opinion in the present case, and conclude that the district court decision was neither clearly erroneous as to its factual determinations nor mistaken as to the law as it was applied to the facts. Accordingly, we affirm on the basis of the district court's opinion. *See* 8th Cir.R. 14.