**FIRST NATIONAL BANK IN LENOX,**
**Lenox, Iowa, Plaintiff,**

**v.**

**CRESTON LIVESTOCK AUCTION,**
**INC., and First National Bank in**
**Creston, Defendants.**

**CRESTON LIVESTOCK AUCTION,**
**INC., Appellant,**

**v.**

**FIRST NATIONAL BANK IN**
**CRESTON, Appellee.**

**No. 88–879.**

Supreme Court of Iowa.

Oct. 18, 1989.

Steven W. Guiter, of Johnston, Hicks & Guiter, Knoxville, for appellant.

Jon P. Sullivan of Dickinson, Throckmorton, Parker, Mannheimer & Raife, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN and SNELL, JJ.

HARRIS, Justice.

The controlling question is whether a bank's endorsement on a check affected the bank's status as a holder in due course. We agree with the trial court's determination that it did not.

Jerry Parker, a Union County farmer, had dealings with two banks. He first obtained a loan from the First National Bank in Lenox, Iowa (Lenox Bank). Lenox Bank took a security interest in all of Parker's livestock and livestock proceeds. Parker later obtained another loan from the First National Bank in Creston (Creston Bank) and that bank also took a security interest in Parker's livestock and livestock proceeds.

Sometime later Parker sold steers to Creston Livestock Auction, Inc. (Creston Livestock). There is no dispute that Lenox Bank held a perfected security interest in the steers at the time and had mailed notice of this fact to Creston Livestock.

Creston Livestock nevertheless paid for the steers by delivering to Parker a check made payable to Parker and Creston Bank. The back of the check contained the following language:

This check is issued to the payee in payment of personal property, delivered to the Creston Livestock Auction of Creston, Iowa, and sold by the undersigned payee, (said Creston Livestock Auction acting as agent only), and by endorsing this check the payee represents and warrants to the purchasers of said property that he is the sole owner thereof, and that said property is free and clear of all liens whatsoever. Endorser certifies that all animals sold were taken off all drugs and Stib according to the Federal Food and Drug Regulations in effect on date of this sale.

Parker endorsed the check and turned it over to Creston Bank in satisfaction of his indebtedness to it. Creston Bank endorsed the check, unaware of Lenox Bank's prior perfected security interest.

Lenox Bank brought a conversion action against Creston Livestock, claiming it was entitled to the funds received by Creston Bank. Creston Livestock paid the amount of the check to Lenox Bank in settlement, then brought this cross-petition against Creston Bank for contribution.

The trial court determined that Creston Bank was a holder in due course, stating:

Despite plaintiff's vigorous assertions to the contrary, there is absolutely nothing in this language or any language on the check or in the stipulation of facts which shows that [Creston Bank] had any notice of any claim by [Creston Livestock Auction, Lenox Bank], or anyone else. Indeed the very language cited states as an assertion by [Creston Bank] that it had no notice of any such claim. Also, the parties have stipulated that [Creston Bank] had no actual knowledge of [Lenox Bank's] security interest in the proceedings.... [Creston Bank] had no notice of any defense against or claim to the check. *See* Iowa Code § 554.3304 (1987). [Creston Bank] is a "holder in due course."

This determination is controlling of the question in the case because, if Creston Bank was the holder in due course, it held the check free and clear of the claims of Lenox Bank. Iowa Code § 554.3305 (1987). If Creston Bank was not a holder in due course it held the check subject to all claims and defenses. *See* Iowa Code § 554.3306.

I. The Iowa Code defines a "holder in due course" as follows:

1. A holder in due course is a holder who takes the instrument

(a) for value; and

(b) in good faith; and

(c) without notice that it is overdue or had been dishonored or of any defense against or claim to it on the part of any person.

Iowa Code § 554.3302(1) (1989). Creston Livestock does not dispute Creston Bank's claim that it received the check for value, leaving only the questions of good faith and notice.

■■■ Notice and good faith, which are often interrelated, have been called "first cousins." *White & Summers:* U.C.C. § 14–16 (2d Ed.1980). There is a certain confusion concerning whether the tests of notice and of good faith are to be objective or subjective. *Id.* at 563. We think the test for good faith is subjective. *Farmers Coop. Elevator, Inc. v. State Bank,* 236 N.W.2d 674, 678 (Iowa 1975). The test for notice is essentially objective. *Valley Nat'l Bank v. Porter,* 705 F.2d 1027, 1029 (8th Cir.1983). It is somewhat rare but entirely possible for a payee to be a holder in due course. Iowa Code § 554.3302(2).[1] It is somewhat unusual because a payee ordinarily has been involved in the transaction which gave rise to the check and hence will most often have actual knowledge of claims or defects in it. But "[i]t is participation in the transaction out of which the instrument arose, rather than the taking of the instrument, which precludes holder-in-due-course status." 11 Am.Jur.2d § 418 at 447 (1963); Annotation, *Payee as Holder in Due Course,* 2 A.L.R.3d 1151 (1965). Creston Bank did not participate in the sale of the steers at the livestock auction. Its status as copayee does not prevent it from being a holder in due course.

■■■ In challenging the trial court finding, Creston Livestock points to the quoted language on the back of the check. It contends Creston Bank cannot be a holder in due course after endorsing the check as copayee, in view of the warranty that the livestock was "free and clear of all liens." The argument is that this endorsement is an acknowledgement of notice of Lenox Bank's claims. This is the extent of Lenox Bank's claim of notice to Creston Bank. It is agreed that Creston Bank had no actual knowledge of any claims against the check, and there is no assertion it received any

notification of it. Hence the company's claim that Creston Bank had notice is limited to a theory under section 554.1201(25)(c).

Under the Uniform Commercial Code "notice" has a specific statutory meaning:

A person has *"notice"* of a fact when

a. the person has actual knowledge of it; or

b. the person has received a notice or notification of it; or

c. from all the facts and circumstances known to the person at the time in question the person has reason to know that it exists. A person "knows" or has "knowledge" of the fact when that person has actual knowledge of it. "Discover" or "learn" or a word or phrase of similar import refers to knowledge rather than to reason to know....

Iowa Code § 554.1201(25).

Creston Bank argues that it cannot be associated with the words on the back of the check, that the words themselves show they were intended for endorsement only by Parker, the farmer who sold the steers. Because we rest our affirmance on Creston Bank's alternative theory, we need not consider the point.

Notwithstanding the livestock company's contention to the contrary, notice does not appear by way of a concession made by the bank in the endorsement on the back of the check. As the trial court pointed out, the language relied on expressly contradicts, rather than acknowledges, knowledge of any claim against or defect in the check. Even if the quoted language on the check can be ascribed to the bank, there is nothing in it which hints that Creston Bank had reason to know of Lenox Bank's claim.

■■■ II. We also agree with the trial court's finding that Creston Bank took the check in good faith. Good faith is "honesty in fact in the conduct or transaction concerned." Iowa Code § 554.1201(19). *See also Porter,* 705 F.2d at 1209. The parties stipulated that when Creston Bank took the check it had "no actual knowledge of the

---

1. "The payee may become a holder in due course to the same extent and under the same circumstances as any other holder, whether he takes the instrument by purchase or directly from the obligor." Comment 2, U.C.C. § 3–302. *See also, White & Summers* U.C.C. § 14–7.

Lenox Bank's security interest in Parker's livestock or the proceeds thereof." The record is devoid of any hint that Creston Bank considered the transaction as anything other than the routine collection of an honest debt.

We conclude that Creston Bank was a holder in due course. This being true, its rights do not yield to those of Lenox Bank's earlier perfected security interest. Iowa Code § 554.9309 (holders in due course "take priority over earlier security interest even though perfected"). Creston Bank took the check free of the claims of Lenox Bank.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.